THE PEOPLE, *ex relatione* Collier, *vs.* SHERIFF OF BROOME.

In the redemption of lands sold under execution, the redeeming creditor must exhibit to the purchaser, creditor, or officer who made the sale, a copy of the docket of the judgment, duly certified, under which he claims to redeem; and it seems that the officer who made the sale is not at liberty to waive the production of such proof.

The three months (after the expiration of the year given to the debtor to redeem) commence running on the day succeeding the expiration of the year, and that day is counted inclusively; thus, if the year expire on the eighteenth day of a month, the succeeding day is counted as part of the three months.

REDEMPTION by judgment creditor. A motion was made Jan., 1838· in this case for a *mandamus*, requiring the sheriff to execute to the relator a deed of certain premises, to which he claimed to be entitled as a redeeming creditor. Two objections were interposed: 1. That the same premises had been subsequently redeemed by another creditor; and 2. That the relator had not exhibited to the sheriff the proper evidence of the judgment under which he claimed to redeem.

The premises were sold under an execution on the eighteenth day of July, 1835. On the eighteenth day of October, 1836, the defendant in the execution having omitted to redeem, the relator paid to the sheriff the amount of the *sum* at which the premises were struck off at the sale, together with the amount of all moneys paid to the sheriff by redeeming creditors, several of whom had on the same day attempted to redeem. On the next day, to wit, the nineteenth of October, the original purchaser claimed the right to redeem under a *mortgage* he held against the property, and to him the sheriff executed a deed. The defect in the evidence exhibited by the relator was, that he did not produce *a copy of the docket of the judgment, duly certified,* under which he claimed to redeem.

*By the Court,* Nelson, Ch. J. The judgment debtor has one year to redeem from the time of sale, 2 R. S. 370, § 45, which expired on the 18th July, 1836, inclusive ; and in case of his omission to do so, then any junior judgment creditor may redeem " within three months after the expiration of such year." If we count the *nineteenth* day of July, 1836, as we should do, the *three months,* commencing the beginning of that day, will expire on the *eighteenth* day of October following. The rule of computation of time in respect to notices, or where an act is to be done, in which we usually *exclude* the first and *include* the last day, does not apply, as here there can be no fraction of the nineteenth day of October to be disregarded, as the whole of it necessarily comes within the three months, by the statute commencing on the expiration of the year, which is the last *moment of the eighteenth* day of October. This principle of construction, I understand, has been adopted in the court for the correction of errors in an analogous case. But even without the application of it here, there are several other sections in respect to the process of redemption, which clearly indicate that the legislature intended to allow only the fifteen months, and which, in this case, expire on the eighteenth of October. 2 R. S. 371, 373, § 51, 61, 62.

ALBANY,
Jan. 1838.

The People
v.
Sheriff of
Broome.

Notwithstanding, however, that the redemption under the mortgage on the *ninteenth* of October was too late, there exists a decisive answer to the motion of the relator. The remedy by mandamus is one of strict legal right, and the relator must therefore show affirmatively a legal claim or title to the deed, in order to put the sheriff in default. That he has not done, because " to entitle any creditor to acquire the title of the original purchaser, &c. he must present and leave with such *purchaser, creditor*, or *officer who made the sale*, the following evidence : A copy of the docket of the judgment, &c. duly certified by the clerk of the court." 2 R. S. 373, § 60. The old statute made no provision as to proof of the existence of the judgment, but this court, 1 Cowen, 443, decided that an exemplification, or certificate of the clerk, would be sufficient for the sheriff. The revised statutes have now prescribed the proof, which is directory to the officer ; and which we are of opinion he clearly is not *bound*, if he is *at liberty* to waive. The same chapter had already specified the matter to be contained in the docket, and confined the lien of the judgment from the time of the entry of it. 2 R. S. 361, § 13. The copy of the docket will show the actual amount of the lien (the docket in this respect controlling the record) and also satisfaction in whole or in part, as the case may be, if entered of record. Id. 362, § 22, 26, 27. We are inclined to think the statute should be construed as peremptory in its direction to the officer ; not to be departed from, not only for the above reasons, but to preclude the possibility of favoritism, which might otherwise be indulged to the prejudice of the rights of the redeeming creditors, by giving to the officer a discretion as to the nature or sufficiency of the evidence.

The above disposes of the whole case, and it is, therefore, unimportant to notice other points raised on the argument.

The motion must therefore be denied with costs.