### John McGraw *v.* Gideon L. Walker.

A justice cannot, of his own knowledge, certify to the time when an action was commenced before him by the delivery of the summons for service.

When that fact is necessary to be shown, it must appear by competent evidence.

In the absence of any proof, before the justice, of the time of the commencement of an action before him, it will be deemed commenced on the day the summons was actually served.

In computing the time within which an action must be commenced upon a note, the day on which the right of action accrued should be excluded.

A note became due October 4, 1852, and an action upon it was commenced October 5, 1858. *Held*, that the right of action accrued on October 5, 1852, and, excluding that day from the computation, the suit was brought within the six years limited by statute.

APPEAL from a judgment of the First District Court in favor of the plaintiff. The suit was brought upon a promissory note for $33, made by the defendant July 2, 1852, payable to Phineas Morse or bearer on the first day of October (then) next. The answer set up that the cause of action did not accrue within six years previous to the commencement of the action. The justice, in his return, stated that "this action was commenced by a summons issued out of this court by the clerk thereof, on the second day of October, 1858," &c., but it did not appear that any evidence upon this point was given before the justice at the trial. There was, however, attached to the return a certified copy of the summons, with the certificate thereon of a constable, showing that it was actually served on the defendant on October 5, 1858. The defendant appealed.

*Gideon L. Walker*, appellant, *in person.*

*Stephen B. Cushing*, for the respondent.

By the Court, HILTON, J.—The only question presented for determination upon this appeal is, whether the action before the justice was commenced within the period limited by statute.

Although the justice returns that the action was commenced

on October 2, 1858, by a summons issued out of his court by the clerk thereof, yet that fact was not proved before him, nor does it appear from the evidence when the summons was actually delivered for service. District Court Act 1857, § 22. In the absence of proof showing when the summons was issued or actually delivered for service, the day of its service, which was October 5, 1858, must be deemed by us the time when the action was commenced. *Cornell* v. *Moulton*, 3 Denio, 12.

The action was upon a negotiable promissory note made by the defendant, dated July 2, 1852, payable on the first of October then next, and, being entitled to days of grace, the defendant had the whole of the three following days in which to pay it. He could not have been sued upon it until the 5th of October, and on that day, therefore, the cause of action accrued. *Osborn* v. *Monsure*, 3 Wend. 170; Edwards on Bills and Notes, 527; *Hogan* v. *Cuyler*, 8 Cowen, 203. The Code of Procedure has limited the time within which an action of this nature can be commenced, and has also declared the manner in which that time shall be computed. By Title II, (§ 74), civil actions can only be commenced within the periods in that title prescribed "after the cause of action shall have accrued," and by sections 89 and 91 of the same title, this period, in actions upon contracts, is prescribed to be "within six years." By § 407, the time within which an act is to be done, as in the Code provided, shall be computed by excluding the first day and including the last.

The rule thus declared, in respect to the computation of time in a statute, had been previously settled by a number of decisions in this state, several of which are cited in *Cornell* v. *Moulton*, (*supra*). Applying it to the present case excludes the day on which the right of action accrued upon the note, namely, October 5, 1852, and includes that on which the summons was served on the defendant, namely, October 5, 1858. The action having therefore been commenced within the period prescribed, it follows that the judgment of the justice was right, and should be affirmed.

Judgment affirmed.