## STUBBS *vs.* BEENE'S ADM'R.

[SETTLEMENT OF INSOLVENT ESTATE—CONTEST AMONG CREDITORS.]

1. *Variance in description of claim.*—When an attorney's receipt for a note, placed in his hands for collection, is filed as a claim against his insolvent estate; and the accompanying affidavit of the creditor states, that the attorney failed, through negligence, to present and file the note as a claim against the insolvent estate of the deceased debtor,—proof of the attorney's admission that he had collected the money on the note, and of his promise to pay it, is not competent evidence for the creditor.

2. *Duty and liability of attorney.*—An attorney, receiving a note for collection, is not bound to file it as a claim against the insolvent estate of the deceased debtor, and is not guilty of any negligence in failing to file it, when it appears that the debtor was living at the time the note was put in his hands, and it is not shown that he had knowledge of the debtor's subsequent death.

3. *Sufficiency of claim.*—When an attorney's receipt for a note, placed in his hands for collection, is filed as a claim against his insolvent estate, its failure to specify the amount of the note is no objection to the claim, provided the amount be shown by other proof.

APPEAL from the Probate Court of Dallas.

IN the matter of the estate of Benjamin Y. Beene, deceased, which was declared insolvent by said probate court, and against which I. B. & T. Stubbs filed as a claim, within the time prescribed by law, a receipt signed by the intestate, in the following words: "Received for collec-

tion, of Valentine Kirkpatrick, a note drawn by J. Gibson, in favor of I. B. & T. Stubbs, Dec. 1, 1853." The accompanying affidavit of I. B. Stubbs, attached to the receipt, stated, that the note on said Gibson was dated the 9th July, 1853, and was for $130 ; that Gibson died, his estate was declared insolvent, and finally settled in December, 1855 ; " and that said Beene did not present said note to the administrator of said Gibson's estate, nor did he file it in the probate court of Dallas county, but wholly neglected to do so; whereby deponent has lost the collection of said amount by the gross negligence of said Beene as attorney." The administrator filed written objections to the allowance of the claim, " because the affidavit is not sufficient, and there is no proof that the note could have been collected." On the trial of the issue it appeared, " that Gibson, the maker of the note specified in the receipt, died in Dallas county, during the year 1854 ; that his estate was duly declared insolvent by said probate court, and settled in the early part of the year 1856, paying the creditors a *pro-rata* dividend of fifty-two cents on the dollar; that said note was not presented by said Beene, nor was it allowed as a claim on the final settlement of said estate. It further appeared, by the evidence of one Lloyd, that, some time during the summer of 1856, he received said receipt from the plaintiffs, who resided in the city of Montgomery, to be presented to said Beene ; that he did present the same, in order to receive the sum coming from said Gibson's estate ; that Beene told him, that he had collected the money, but was about leaving home, and would settle when he came back, and that said Beene did leave home, and afterwards died on the 29th August, 1856. After hearing the above evidence, and the arguments of counsel, the plaintiffs moved the court to allow their claim, or so much thereof as could have been collected from said Gibson's estate, if it had been presented. The court intimated the allowance of the claim ; but, after the decision of the court was thus intimated, one of the administrator's counsel, who was keeping an account of the claims allowed and rejected,

perceived that no amount was specified in the receipt, and thereupon moved the court to re-consider its judgment, or intimation, as to the allowance of the claim. The plaintiffs objected to this, because the objection, if available at all, came too late; but the court overruled their objection, and rejected their claim; to which the plaintiffs excepted." The rejection of the claim is now assigned as error.

J. Q. SMITH, and J. T. MORGAN, for appellants.
ALEX. & JOHN WHITE, contra.

STONE, J.—The claim set up by appellants, against the estate of Mr. Beene, does not rest on the averment of the Messrs. Stubbs, that intestate had collected their demand, and thereby rendered himself liable for its payment. The affidavit of verification seeks to charge him for failing to file the claim againt the estate of Mr. Gibson, "whereby deponent has lost the collection of said amount by the gross negligence of the said B. Y. Beene as attorney." In this aspect of the case, we cannot regard the evidence of the witness Lloyd, who testified, that Mr. Beene admitted to him that he had collected the money, and promised to pay it. To receive such evidence, would violate the rule which requires that the proof shall correspond with the allegation, and would probably inflict great wrong and oppression in the surprise to the administrator, to which such practice would almost certainly lead.

[2.] The simple question presented by the record is, was it the duty of Mr. Beene, an attorney-at-law, who received the claim for collection by suit, to file such claim against the estate of the debtor for allowance; the debtor dying after the claim was received by the attorney, and there being no evidence that the attorney knew, either that the debtor had died, or that his estate had been declared insolvent. It must be conceded, that an attorney-at-law, who receives a claim for collection, in the absence of proof to the contrary, will be presumed to have received it for collection by suit; and that, by the implied terms of such

contract, he is required to give his professional skill and attention to all the ordinary stages of the litigation.—See *Mardis v. Shackleford*, 4 Ala. 493 ; also, *Smedes v. Elmendorf*, 3 Johns. 187. So, if any cross litigation be instituted, which bears directly on the further progress of the suit under his control, it is possibly his duty to represent his client in such defensive cross litigation.—*Dearborn v. Dearborn*, 15 Mass. 316 ; *Smallwood v. Norton*, 20 Maine, 87. But those matters which lie outside of the regular line of professional attorneyship, and which partake rather of the character of agencies, rest on a different principle. While an attorney may lawfully perform many of these agencies, he is not, in the absence of an express engagement to do so, bound to perform them. They are not among the implied obligations he incurs, when he assumes the relation of attorney for another.—*Matter of Dakin*, 4 Hill, (N. Y.) 42 ; *In re G. Chitty*, 2 Dowl. Pr. Cases, 421 ; *Ollin v. Stetson*, 12 Me. 244 ; *Anon.*, 19 Wend. 87. See, also, as to attorney's powers, *Albertson v. Goldsby*, 28 Ala. 711 ; *Wycoff v. Bergen*, Cox, (N. J.) 214. To constitute a valid filing of a claim against an insolvent estate, an affidavit must be made, verifying the claim, " by the oath of the claimant, or some other person who knows the correctness of the claim."—Code, § 1847 ; *Lay v. Clark*, 31 Ala. 409 ; *Carhart v. Clark*, ib. 396. This affidavit could not always be made by an attorney, for he might not have the requisite knowledge. We hold that, on the evidence in this record, the present claim was not a proper charge against Mr. Beene's estate. Whether, if it had been shown that Mr. Beene knew of the death of Mr. Gibson, it would not have been his duty to give notice to his client, who lived in another county, we need not and do not decide.

[3.] There was nothing in the objection, that Mr. Beene's receipt failed to specify the amount of the note or Mr. Gibson, provided the proof showed the amount.

Affirmed.