Young *v.* Whitcomb;

and the gift to his children, subject to a claim which had no existence, is an absolute gift.

I think the plaintiff not entitled to any interest in the personal property, under the fifth clause of the will of the deceased, and that distribution is to be made to the children of the deceased; share and share alike, as named in that clause, by their representatives.

Judgment accordingly.

[KINGS GENERAL TERM, February 12, 1866. *Scrugham, J. F. Barnard* and *Lott,* Justices.]

YOUNG *vs.* WHITCOMB.

Where a judgment was entered, in a justice's court, on the 14th day of November, and the plaintiff served a notice of appeal, on the justice, on the 4th day of December, and upon the defendant's attorney (the defendant being a non-resident of, and absent from, the county) on the 5th day of December; *Held* that the notice was not served on the defendant; in time, as the time for appealing expired with the 4th day of December.

A JUGDMENT in favor of the defendant against the plaintiff, for costs, was entered in a justice's court in Chemung county, on the 14th day of November, 1865. The plaintiff served notice of appeal from such judgment, upon the justice, on the 4th day of December, 1865, and upon the respondent's attorney, (the respondent being a non-resident of, and absent from, the county,) on the 5th day of December, 1865. The county court of Chemung county dismissed the appeal, on the ground, as is alleged, that the notice of appeal was not served on the respondent in time.(*a.*) This is an appeal from such order of the Chemung county court.

(*a*) The Code (§ 353) requires notice of appeal to be served " within twenty days after judgment."

*Dailey & Backman,* for the appellants.

*Christie & Barlow,* for the respondents.

*By the Court,* BOARDMAN, J.   The notice was not served in time.   The day on which judgment was entered by the justice should not be counted.   That would leave sixteen days in November, and four days in December, within which the plaintiff might have served his notice.   That time expired with the 4th day of December, and service on the 5th was too late, and worthless.   (*Phelan* v. *Douglass,* 11 *How.* 193, *and cases cited.*)

The case of *Gallt* v. *Finch,* (24 *How.* 195,) is not in point, because the court there hold that the time did not begin to run in that case until the order appealed from had been entered with the clerk, which was on the 27th day of May, and that notice of such order before it was entered was a nullity.   The appeal was taken on the 27th of June, the last of the thirty days allowed for an appeal, in that case.

The order of the Chemung county court, dismissing the appeal in this action, must be affirmed, with $10 costs.

[BROOME GENERAL TERM, May 8, 1866, *Parker, Mason, Balcom* and *Boardman,* Justices.]