J. M. BELL, RESPONDENT, *v.* H. S. SACKETT, APPELLANT.

NOTE PAYABLE ON DEMAND—DAYS OF GRACE.—By provision of the statute (Statutes of 1851, p. 523), promissory notes, payable on demand, are entitled to days of grace.

STATUTE OF LIMITATIONS—COMPUTATION OF TIME.—In computing the time at which the Statute of Limitations begins to run on promissory notes, the day on which the note becomes due is excluded, in all cases, when days of grace are allowed.

APPEAL from the District Court of the Eleventh District, County of El Dorado.

The case is stated in the opinion.

*George E. Williams,* for Appellant.

*First*—A note payable on demand, is payable immediately, and demand need not be made. (Story on Notes, Sec. 29 ; *Brumagim* v. *Tallant,* 29 Cal. 503 ; *Cammer* v. *Harrison,* 2 McCord, 246.)

The Statute of Limitations commences to run on the day of the date of the note. (Angell on Limitations, Sec. 95 ; *Presburg* v. *Williams,* 15 Mass. 193.

Days of grace are not allowed on demand notes, by the law merchants of any country.

*Second*—If the Court should be of opinion that a demand note is entitled to grace, the question then arises, when do the days of grace commence ? The law merchant does not furnish any rule by which to be governed, for the reason that no instrument of this kind was entitled to grace. Story says (Sec. 341 on Bills) that the "allowance of the days of grace is a mere indulgence to the acceptor ; it shall be granted only in cases where it will not work any extra delay to the holder of the bill." If, then, grace is a mere indulgence to the party who is to pay the bill, then certainly the first day upon which the party could be sued, had there been no

grace, should be considered as the first day of grace. As an example, suppose the note, in this case, to have been drawn " on demand, without grace." Suit could have been commenced on the day of the date; then that day should be considered as the first day of grace. If the rule of excluding the day of date should be applied, then the giving of days of grace would operate to extend the time of payment four days, instead of three. If the day of the date of a demand note is to be considered as the first day of grace, then the Statute of Limitations, in this case, commenced to run on the 7th of November, 1864, and the four years expired on the 6th of November, 1868. If this note had been given ''on demand, without grace," then the four years would have expired on the 3d day of November, 1868. See *Presburg* v. *Williams,* (15 Mass. 193.) Then, if you add the three days, for the three days of grace, certainly the time for commencing the action expired on the 6th of November, 1868.

*George G. Blanchard,* for RESPONDENT.

The Statute of Limitations of this State provides '' that an action founded upon a contract in writing, shall be commenced within four years *from* the time the cause of action has accrued." Now, this note was dated November 4th, 1864, and the cause of action accrued on the 7th day of November, counting the 4th as one of the days of grace. Now, four years *from* the 7th of November, 1864, would elapse on the 7th of November, 1868, at the very moment the note was executed; but fractions of days are not calculated; therefore, the whole of the seventh is given. This is in accordance with reason and every authority, since *Presburg* v. *Williams.* The whole question was ably argued, and decided by C. J. Bronson, in *Cornell* v. *Moulton* (3 Denio, 12); also, see Smith's Commentaries, (par. 613.) In these authorities, *Presburg* v. *Williams* is condemned, and a different rule established. (*McGraw* v. *Walker,* 2 Hilt. 404; *Womac* v. *McAhren,* 9 Ind. 6; 2 Ind. 146; *Id.* 513; 5 Ind. 196; *Winsor* v. *China,* 4 Greenl. Mo. 298; *Ex parte* Dean, 2 Cowen, 605; *Weeks* v. *Hall,* 19 Conn. 376, are to the same point in principle.)

Again, in the computation of time from a fixed day, *that* day is to be excluded. (*Wiggin* v. *Peters*, 1 Metc. 127; *Bigelow* v. *Willson*, 1 Pick. 485; 18 Conn. 18; 17 Ves. 243; 4 Bosw. 298.) In this case, the time *fixed* is the *time when* the cause of action accrued—November 7th, 1864.

When the statute requires an act to be done *within* a certain time, the first day is *excluded*. (*Judd* v. *Fulton*, 10 Barb. 117; 2 Cow. 518; 6 Cow. 660; 2 Hill, 356; *People* v. *N. Y. Central R. R. Co.* 28 Barb. 254.)

CROCKETT, J., delivered the opinion of the Court:

This is an action on a promissory note, dated November 4, 1864, and payable on demand. The action was commenced November 7, 1868, and the defense is the Statute of Limitations. The first point for decision is, whether a promissory note payable on demand and containing no waiver, is entitled to days of grace. The statute leaves no room for doubt on this point. By an Act concerning promissory notes and bills of exchange, passed in 1851 (Statutes 1851, p. 523), it is provided that "three days, commonly called days of grace, shall be allowed, except on sight bills or drafts." The distinction between a promissory note and a bill or draft, is obvious, and is clearly recognized in the statute. When it refers to bills and drafts, it uses these terms in their legal, technical sense, and evidently does not include promissory notes. It is not very obvious why there should be a distinction in respect to days of grace between sight bills or drafts and promissory notes payable at sight or on demand; but the statute is plain, and it is our duty to obey it. We think, therefore, the maker of this note was entitled to the three days of grace.

The next point for consideration is, whether the day on which the note was made and became due, is to be counted as one of the days of grace. It is well settled in this State, that no previous demand is necessary to maintain an action on a note payable on demand. (*Zeil* v. *Dukes*, 12 Cal. 482; Story on Promissory Notes, Sec. 29.) The action itself is a

sufficient demand; and if there were no days of grace to be allowed, the note would be payable immediately after its delivery. But when days of grace are allowed, the day on which the note became due is excluded from the computation. This is well settled, both in England and America. (Story on Promissory Notes, Sec. 217; Chitty on Bills, 403, *et seq.*; Bayley on Bills, 245.)

The note in contest being payable on demand, would have become due on the day of its delivery, to wit: November 4, 1864, except that the maker was entitled to three days of grace—in computing which, the first day (November 4th) must be excluded, under the well established rule above stated. The last day of grace, therefore, was November 7th, and the maker had the whole of that day in which to make payment. (*Davis* v. *Eppinger*, 18 Cal. 378.)

The action was commenced November 7, 1868, and the four years, after the cause of action accrued, did not expire until the last hour of that day. The action was, therefore, in time. (*Cornell* v. *Moulton*, 3 Denio, 12.)

Judgment affirmed.