## ESTATE OF GIOVANNI SBARBORO.

### No. 8751—Nov. 18, 1879.

LEGITIMACY, CONCLUSIVE PRESUMPTION OF, FROM UNINTERRUPTED INTERCOURSE OF · HUSBAND AND WIFE.   ADOPTION:   ACTS OF A PARAMOUR IN RECOGNITION OF HIS PATERNITY OF THE OFFSPRING OF AN ADULTEROUS WIFE.

A claim, as pretermitted heir, cannot be maintained against the estate of a testator, by a child, the offspring of an adulterous wife, who was cohabiting with her husband, on the ground that such unchaste wife was the mistress of the deceased, and that he, at times, made statements tending to admit that he was the child's father; but such child must be deemed legitimate offspring of the husband and wife.

Nor can such loose acts of recognition of child be deemed an adoption.

### December 19, 1879.

LIMITATION OF ONE YEAR TO REVOKE PROBATE.—WHEN DOES IT EXPIRE?

A petition to revoke probate of a will admitted December 2, 1878, was, late in the evening of December 2, 1879, placed in the hands of the Judge with request for a citation.  The Judge delivered it to the clerk the next day directing it to be filed as of December 2, 1879, and signed an order as of the date of filing December 2, 1879.  The citation was not issued for several days.

HELD, that the paper was filed in time; and that it was not necessary that the citation should be actually issued within the year.

Construing sections, C. C., 193, 195, 230; C. C. P., 1327, 1333, 1962.

*D. McClure* and *G. E. Harpham,* for petitioner.

*J. M. Burnett* and *E. D. Sawyer,* for legatee.

Testator by his will gave all his property to his niece.

Petitioner claims to be his illegitimate child, adopted by him, and that she is entitled to have the entire estate, she not being referred to in the will.

Mr. and Mrs. Byrne, husband and wife, resided together during a year preceding the birth of petitioner.   Both testified that she was the child of Mrs. Byrne, but not of Mr. Byrne; that they occupied the same bed, but that no more intimate personal relationship existed during the year.   Mrs. Byrne testified that testator was the father of the child. Byrne admitted that he had been unchaste with other women, and that he was ailing therefrom.   Several years thereafter, Byrne obtained a divorce, and has married again.   Prior to the birth of petitioner, Sbarboro was a lodger in the house of Byrne, and had meretricious relations with Mrs. Byrne.

Those relations continued; after the divorce he paid the rent and most of the living expenses; had a room in the house; had frequent quarrels; removed to other quarters, and then returned. He told several persons that petitioner was his child; gave her money and presents, and petted her. She was generally known as Jenny Byrne.

By the COURT: Sections 193 and 195, C. C., provide that all children born in wedlock are presumed to be legitimate, and that illegitimacy may be proved like any other fact. Sec. 1962, C. C. P., provides that the issue of a wife cohabiting with her husband, who is not impotent, is indisputably presumed to be legitimate.

Cohabiting is defined by Bouvier to mean living together, occupying the same house. It does not necessarily include all acts that may occur between males and females; it is designed to include opportunity for access.

Byrne and his wife were cohabiting together for more than a year prior to the birth of petitioner. She is therefore indisputably presumed to be legitimate. She is, therefore, in law, not the illegitimate child of Sbarboro, and he could not have adopted her under Sec. 230, C. C. Even if she had been his illegitimate child, the facts of this case would not have shown an adoption by him. He acknowledged the child to be his, but he did not treat it as if it were legitimate. He lived in the house and had immoral relations with Mrs. Byrne both before and after the divorce, continued until the child had grown to womanhood, had married and gone away. The whole thing was immoral and indecent, gross to a degree. Men do not treat legitimate children in that manner.

Nonsuit is granted.

December 19, 1879.

*A. D. Splivalo* and *R. W. Hent*, for petitioners.

*J. M. Burnett* and *E. D. Sawyer*, for executor and residuary legatee.

The will of testator was admitted to probate December 2, 1878.   Petitioners have filed a petition for the revocation of the probate of the will.   The executor and residuary legatee move to correct the filing of the petition and that the petition be dismissed.   The motion is based on the following facts:

The petition was presented to the Judge of this Court at his private residence in this city and county, on the second day of December, 1879, at the hour of between seven and eight o'clock in the evening, with the request that he would sign an order for a citation under Sec. 1328, C. C. P.; the person presenting the same stating that it was necessary to have the petition filed that evening, that being the last day of the year in which to have it filed.   The Judge was not at the moment satisfied that the petition entitled the petitioners to the order, and was then otherwise engaged, and stated to the person presenting the petition if he would leave it with said Judge for examination he would examine it and himself place it in the office of the clerk of this Court the following morning, with the same effect as if then (Dec. 2, 1879,) placed there, and have it filed as of Dec. 2, 1879, and have the order made.   Upon that statement the petition and draft order were left with the Judge, who, after examining the petition, signed the order.   On the following morning, Dec. 3, 1879, at about nine o'clock, the said Judge placed the said petition and order in the hands of one of the deputy clerks of this Court, at the office of the clerk, and directed verbally that the same be filed as of Dec. 2, 1879.   On Dec. 4, 1879, the same not having been marked as filed by the clerk, (the attorneys for the administrator and residuary legatee appearing and protesting against said marking,) the said Court made and entered an order that the clerk mark the said petition filed as of Dec. 2, 1879, and that he mark and enter the said order as of the same day.   The citation was thereupon issued.

Points by administrator and legatee:

1.   As the will was admitted to probate Dec. 2, 1878, the year mentioned in Sec. 1327, C. C. P., commenced to

run on that day, and expired with Dec. 1, 1879; the year was then fully completed; any other construction would give a year and a day. A petition for revocation could have been filed at any hour of Dec. 2, 1878, after the order admitting to probate; and is too late if not filed until Dec. 2, 1879.

13 B. Monroe, 461; 15 Mass., 193; 38 Cal., 407.

2.  Sec. 1328, C. C. P., provides that "upon filing the petition, a citation must be issued," etc.; which means that the citation must immediately follow the filing of the petition. Two days elapsed before this citation was issued, which was not "upon filing the petition," and was too late.

3.  According to Sec. 1327, the petitioner "must file in the Court" his petition. Leaving the petition with the Judge at his private residence is not filing in the Court. The Court had no power to direct the clerk to mark the paper filed as of a day previous to it being actually placed in the clerk's office.

Contra:
Sec. 12, C. C. P., is conclusive. It provides that "the time in which any act provided by law is to be done is computed by excluding the first day and including the last." Dec. 2, 1878, is therefore excluded in the computation and Dec. 2, 1879, included, which completes the year.

1 Metcalf, 127; 3 Denio, 12; 7 Marsh., (Ky.) 202; 4 N. H., 267; 46 Barb., 615; 11 Howard, 193; 8 Cal., 412; 1 Pick., 494.

By the COURT: 1.  The object of Sec. 12 was to remove any doubt which might have existed as to when the time for doing an act commences to run, and applied to this case, clearly declares that Dec. 2, 1878, is to be excluded; therefore the year commenced to run at midnight Dec. 2-3, 1878, and expired midnight Dec. 2-3, 1879, and the petition was in time.

2.  After the petition has been filed, a citation can be issued within a reasonable time; the statute does not mean forthwith.

3.   In this case, the petition was presented to the Judge within the time.   It was necessary for him to examine it, to ascertain if the party was entitled to the citation.   The party had done all that he could do, when he had asked to have the aid of the Court.   The officers of the law have a reasonable time in which to determine what course to pursue, and the time so taken cannot work an injury to the parties.

Motion to dismiss is denied.