DETERMINED IN THE

# FOURTH DEPARTMENT,

AT

# GENERAL TERM,

## April, 1886.

JOHN W. DAVISON AND VIOLET BUDLONG, AS COMMITTEE, ETC., OF NELSON BUDLONG, A SUPPOSED LUNATIC, RESPONDENTS, *v.* ROBERT P. BUDLONG, LEROY BUDLONG AND JEREMIAH KINNE, APPELLANTS.

*Statute of limitations — when the right to sue on a note accrues — when the service upon one defendant prevents the statute from running as to the others — Code of Civil Procedure, secs. 399, 400.*

On September 17, 1884, the summons in this action, brought upon a promissory note made by the defendants Budlong, and indorsed by the defendant Kinne, which fell due on September 18, 1878, was issued by a justice of the peace of the town of German Flats, with a verified complaint annexed. On September eighteenth the summons was personally served on Kinne, at the town of German Flats, by a police constable of the village of Ilion, and on September 20, 1884, the other defendants were personally served at their residences, at the village and town of Frankfort.

*Held,* that as the right to sue the note did not accrue until September 19, 1878, the summons and complaint were served on Kinne within six years from the day when the cause of action accrued, and that a delivery of the summons and complaint to the constable and their service on Kinne on that day prevented the statute of limitations from applying as a bar in favor of the defendants who were not served until the twentieth.

Section 400 of the Code of Civil Procedure does not require that the summons shall be delivered to a constable of the town in which the defendant resides, but to a constable authorized to serve the summons in that town.

APPEAL from a judgment of the County Court of Herkimer county, affirming a judgment of a justice of the peace in favor of the plaintiffs.

Le Roy Budlong and Robert P. Budlong were joint and several makers, and Jeremiah Kinne the indorser of a promissory note, which fell due September 18, 1878, for the recovery of the amount due upon which this action was brought in a Justice's Court.

September 17, 1884, the summons in this action was issued by a justice of the peace of the town of German Flats, to which was annexed a verified complaint. September 18, 1884, the summons and complaint were personally served on Kinne, at the town of German Flats, by a police constable of the village of Ilion, by whom also the summons and complaint were personally served September 20, 1884, on the other defendants, at their residences, at the village and town of Frankfort. Upon the return day the defendants filed a verified answer, setting up the six years' statute of limitations and a counter-claim in favor of the makers of the note. Upon a day to which the cause was adjourned the defendants were allowed to amend their answer, by inserting: "IV. The defendants, further answering said complaint, deny each and every. other allegation in said complaint contained, not hereinbefore admitted or answered." The plaintiffs objected to the proposed amendment, upon the ground that it was insufficient and improper, which objection was overruled. The case was then adjourned, and afterwards tried, the defendants appearing and contesting, but offering no evidence. The justice rendered a judgment for the plaintiffs, which was affirmed by the County Court, and the defendants appeal from the judgment of that court.

*Reuben Wright*, for the respondents.

*Smith & Steele*, for the appellants.

FOLLETT, J.:

Chapter 414, Laws of 1881, prescribing the form and substance of denials in cases in Justices' Court in which verified complaints are filed, is identical with section 500 of the Code of Civil Procedure, prescribing the form and substance of denials in courts of record. Without determining whether the denial interposed was technically sufficient under the rules applicable to pleading in Justices' Courts, we are of the opinion that the evidence was sufficient

to establish the due appointment of the plaintiffs as the committee of the person and estate of Nelson Budlong. The order appointing them, which is in proper form, and the undertaking, which is in proper form, given pursuant to the order, were produced by the county clerk from his office, proved and received in evidence, which was sufficient.

The demand of payment of the note at the time when and at the place where payable, and the refusal to pay, was duly proved, together with notice to the indorser, by the person who made the demand. One of the plaintiffs also testified that the indorser admitted receiving a notice of protest. The evidence sufficiently established a cause of action against all of the defendants, and the remaining question is, was the action barred by the six years' statute of limitations?

The right to sue this note did not accrue until September 19, 1878. (*Osborn* v. *Moncure*, 3 Wend., 170 ; Edw. on Bills [2d ed.], 679, 958.) An action begun within six years after that date was in time. (Code Civ. Pro., §§ 380, 382.) In computing the time in which an action may be brought, the first day upon which it might have been brought is excluded. (*Cornell* v. *Moulton*, 3 Denio, 12 ; *McGraw* v. *Walker*, 2 Hilt., 404 ; Code Civ. Pro., §§ 380, 788.) The summons and complaint were personally served on Kinne within six years from the day when the cause of action accrued. The other defendants resided, and were served September 20, 1884, in the town of Frankfort, by a constable authorized by chapter 191, Laws of 1877, to serve summonses in that town. The summons and complaint were delivered to this constable September 18, 1884, for service, and served that day on one of the defendants, which prevented the statute from applying as a bar in favor of the defendants served September twentieth. (Code Civ. Pro., §§ 399, 400.) Section 400 of the Code does not require that the summons shall be delivered to a constable of the town in which the defendants reside, but to a constable authorized to serve the summons in the town in which the defendants reside.

The judgment should be affirmed, with costs.

HARDIN, P. J., and BOARDMAN, J., concurred.

Judgment of the County Court of Herkimer county affirmed, with costs.