(17 App. Div. 596.)

### CONNECTICUT NAT. BANK v. BAYLES et al.

(Supreme Court, Appellate Division, Second Department.    May 11, 1897.)

STATUTE OF LIMITATIONS—COMPUTATION OF TIME.

> The day on which a judgment was entered must be excluded in computing the 20 years in which an action on the judgment must be commenced (Code Civ. Proc. § 376); and therefore an action commenced January 27, 1896, on a judgment entered January 27, 1876, is within the 20 years.

Appeal from trial term, Suffolk county.

Action by the Connecticut National Bank against John R. Bayles and others. The case was submitted to the trial court on the pleadings and on an agreed state of facts. There was a judgment in favor of plaintiff, and defendant John R. Bayles appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

A. A. Spear, for appellant.

Thos. J. Ritch, Jr., for respondent.

GOODRICH, P. J. The only question arising in this case is whether the summons was served within 20 years, allowed by the statute of limitations. On January 27, 1876, the plaintiff recovered a judgment in the supreme court of Suffolk county, the docket being made at 1 o'clock p. m. of that day. On January 27, 1896, the plaintiff obtained leave of the supreme court to bring this action on the judgment, and on the same day placed the summons in the hands of the sheriff for service. The summons was thereafter duly served on the defendant John R. Bayles, who set up the statute of limitations, and claimed that the time for commencing the action expired at midnight of January 26, 1896, and hence the action was commenced one day too late. Section 376 of the Code of Civil Procedure provides as follows:

> "A final judgment or decree for a sum of money * * * is presumed to be paid and satisfied, after the expiration of twenty years from the time when the party recovering it was first entitled to a mandate to enforce it."

The plaintiff became entitled to a mandate or execution on January 27, 1876. His time, therefore, to serve the summons, expired 20 years from January 27, 1876, and we should have no question that the proper construction of the section of the Code above cited gave the plaintiff the whole of January 27, 1896, in which to serve the summons, except for the fact that the learned appellate court of the First department has construed section 1375 of the Code, containing language which is analogous to the language of section 376,—a construction twice announced in that action; the second time on a reargument. We refer to the case of Aultman & Taylor Co. v. Syme, 87 Hun, 295, 34 N. Y. Supp. 379; Id., 91 Hun, 632, 36 N. Y. Supp. 528,—in respect of the issuing of an execution, which, by section 1375 of the Code of Civil Procedure, must be issued "within five years after the entry of the judgment." The court held that where the judgment was entered on the 14th of Novem-

45 N.Y.S.—20

ber, 1889, and the execution was issued on the 14th of November, 1894, the execution was not issued within five years, and that the computation of the time necessarily commenced "with the day on which the judgment is entered, as there is no provision of law where the computation is made by years, giving the party the benefit of the exclusion of the day upon which the act is done which sets the limitation running; and as the court, in considering the question of time, takes no notice of the fraction of a day, that portion of the day which remains after the act is done must be treated as the first day." It is to be observed that the learned appellate division of the First department made no reference to authorities, but an examination of the briefs. used upon the argument and reargument discloses the fact that the respondent's counsel cited three cases: Vandenburgh v. Van Rensselaer, 6 Paige, 147, People v. Sheriff of Broome, 19 Wend. 87, and Young v. Whitcomb, 46 Barb. 615. The case of Vandenburgh v. Van Rensselaer expressly decided that where, by the rules of practice of the court, any subsequent proceeding in a cause is required to be had within a limited time, or within a certain number of days from or after any previous proceeding, as from the entry of an order or the service of a notice or other paper in the cause, the whole of the day on which the order was entered, or the notice or other paper was served, is to be excluded in the computation of time, so as to give the full time after that day. People v. Sheriff of Broome, referred to below, also decided that in respect to notices, or where an act is to be done, the first day must be excluded. Young v. Whitcomb held that where a judgment in a justice's court was entered on November 14th, and notice of appeal was served on December 5th, the notice was not served in time, as section 353 of the Code of Procedure—which was then in force—required notice of appeal to be served within 20 days after judgment. But the court distinctly recognized the principle that the first day—the day upon which the judgment was entered—must be excluded from the calculation of the 20 days; and, in view of the other authorities cited below, it is difficult for us to understand how the learned appellate division arrived at its conclusion. It is to be observed that an appeal was taken to the court of appeals from the judgment in 91 Hun, 632, 36 N. Y. Supp. 528, but the appeal was dismissed, no opinion being written. 148 N. Y. 755, 43 N. E. 985.

It is elementary doctrine that the common law can only be abrogated in a statute by express terms or by necessary intendment. The common law of this state is clearly stated in the following authorities, and we cannot construe section 375 as stating or intending to state a different rule.

In Snyder v. Warren, 2 Cow. 518, a mandamus was asked commanding the sheriff to convey to the plaintiff a farm, under the following circumstances: On August 15, 1822, the sheriff sold the farm of one Wagar to the plaintiff, and executed the usual certificate of sale. On November 15, 1823, Wagar confessed a judgment, and on the same day the judgment creditor applied to the sheriff to redeem the farm, tendering the necessary money, and it

was claimed that the tender was made one day too late, the law allowing a subsequent judgment creditor 15 months within which he must redeem. The court held that the creditor had the whole of the 15th of November on which to redeem.

In Ex parte Dean, 2 Cow. 605, the court, referring to the rule of the English courts which was supposed to include a day on which an act is to be done as the day on which the time limited by statute commences to run, used the following language:

"We have departed from the rule of construction adopted by the English courts, and held that the same mode of computation is to be adopted upon statutes which prevails both in England and in this state as to notices; that is to say, one day is to be counted inclusive and the other exclusive."

In the case of Homan v. Liswell, 6 Cow. 659, where the execution was dated March 7th, returnable 30 days from date, it was held that the 30 days did not expire till after the 6th of April; and that, where the computation of time in a statute is to be from an act done, the first day should be excluded.

The case of Wilcox v. Wood, 9 Wend. 346, arose upon the provision of a lease, and, while the rules of construction which apply to a lease differ from those which apply to a statute, in the former it being a question of the intention of the parties (Buchanan v. Whitman, 151 N. Y. 253, 45 N. E. 556), yet the opinion delivered by Chief Justice Savage clearly states the general rule as to the computation of time:

"In this state, in questions of the computation of time arising under our own rules, our statutes, and upon promissory notes, we hold that the day of the date is excluded."

Chief Justice Nelson, in People v. Sheriff of Broome, 19 Wend. 87, where a creditor's redemption of lands sold on July 18, 1835, was sought to be made on October 19, 1836, said:

"The rule of computation of time in respect to notices, or where an act is to be done, in which we usually exclude the first and include the last day, does not apply, as here there can be no fraction of the 19th day of October to be disregarded, as the whole of it necessarily comes within the three months, by the statute commencing on the expiration of the year, which is the last moment of the 18th day of October. This principle of construction, I understand, has been adopted in the court for the correction of errors in an analogous case."

The case of Cornell v. Moulton, 3 Denio, 12, was commenced on February 14, 1845, upon a note which was due on February 14, 1839, and the question was whether the statute of limitations had run, the language of the statute being that such action should "be commenced within six years next after the cause of action accrued." Bronson, C. J., said:

"When the act is to be performed within a certain period from or after a particular event, the time is reckoned by entire days; and the only difficulty is in determining whether the day on which the particular event occurred shall be included or excluded from the computation. For example, if a party may appeal within ten days after judgment, and the judgment is rendered on the 1st day of the month, then, if the 1st day be included, the right of appeal will terminate with the 10th day of the month; but, if the 1st day is excluded, the party will have the whole of the 11th day of the month to bring the appeal. Where the question has arisen under the rules of practice, it has been generally agreed that the first day should be excluded. But in the construction of statutes the decisions have not been uniform, either in England or in this country.

Sometimes the first day has been included, and at other times it has been excluded. The case of Presbrey v. Williams, 15 Mass. 193, is precisely in point for the defendant. The action was on a promissory note which the defendant had admitted to be due and unpaid on the 1st day of November, 1811. The action was commenced on the 1st day of November, 1817, and the court held that the statute of limitations had run, and the plaintiff was a day too late. But that case is not in accordance with the decisions in this state. Our cases all go to establish one uniform rule, whether the question arises upon the practice of the court or the construction of a statute; and the rule is to exclude the first day from the computation. The question has not before arisen upon the statute of limitations, but it has been fully settled in the decisions upon other statutes involving the same principle. When the period allowed for doing an act is to be reckoned from the making of a contract, or the happening of any other event, the day on which the event happened may be regarded as an entirety, or a point of time, and so be excluded from the computation."

This latter sentence was quoted with approval by the United States supreme court, Mr. Justice Field writing the opinion, in Sheets v. Selden's Lessee, 2 Wall. 190.

The case of Presbrey v. Williams, referred to by Mr. Chief Justice Bronson in Cornell v. Moulton, supra, was overruled in Bigelow v. Willson, 1 Pick. 485, although not mentioned in the opinion, having been cited by counsel in his argument; and the court distinctly held that even in the matter of a lease the words "from the day of the date" are words of exclusion, and, the right of redeeming mortgaged land, attached on mesne process and afterwards sold on execution, being in question, time for redeeming which by statute then in force was "within one year next after the time of executing, by the officer to the purchaser, the deed thereof," the day on which the deed is executed is to be excluded.

In the later case of Bemis v. Leonard, 118 Mass. 502, Mr. Chief Justice Gray refers to the case of Bigelow v. Willson, and says, in reviewing the law upon the subject, that:

"In this commonwealth, the general rule, as applied to a variety of circumstances, and now well established, is that in computing time from the date, or from the day of the date, or from a certain act or event, the day of the date is to be excluded, unless a different intention is manifested by the instrument or statute under which the question arises. * * * It was, indeed, decided in Presbrey v. Williams, 15 Mass. 193, and assumed, though not necessary to the decision, in Little v. Blunt, 9 Pick. 488, 491, that in computing the period of limitation of actions the day on which the cause of action accrued should be included, because the action might have been brought on that day. But the decision rested on the authority of Norris v. Gawtry, Hob. 139, Moore, 878, and 1 Brownl. 156, and can hardly stand with the later adjudications,"—citing several cases.

In McGraw v. Walker, 2 Hilt. 404, a similar question arose upon a note due October 1, 1852, upon which the action was commenced October 2, 1858, and the court held that the action was commenced within the limitation of the statute.

In Davison v. Budlong, 40 Hun, 245, a summons was served on September 18, 1884, in an action upon a note which fell due on September 18, 1878. This was held by the general term of the Fourth department to be within the statute.

In Morss v. Purvis, 68 N. Y. 225, a redemption by a creditor of lands sold upon execution on January 16, 1869, was held to be valid when made on April 16, 1870.

We are referred by the appellant's counsel to the statutory construction act (chapter 677, Laws 1892, as amended by chapter 447, Laws 1894), which was the basis of the decision of the learned appellate court of the First department. An examination of this statute leads us to a different conclusion from the one entertained by that court. Section 27 uses the following language:

"In computing any specified number of days, weeks or months from a specified event, the day upon which the event happens is deemed the day from which the reckoning is made. The day from which any specified number of days, weeks or months of time is reckoned shall be excluded in making the reckoning."

Turning now to section 25, which defines a year, the following language is used:

"In a statute, contract or public or private instrument, the term year means twelve months, the term half-year, six months, and the term a quarter of a year, three months."

Inasmuch as the section is silent as to the day from which the computation of a year is to be made, we may say that, as the term "year" is defined to mean "twelve months," it was the intention of the legislature to adopt the same computation as to a year—i. e. "twelve months"—as it meant to adopt in regard to any other period of months as used in section 27.

Under this long current of authorities and under the terms of the statutory construction act, we are constrained to differ with the learned appellate division of the First department, and to hold, as we do, that this action was not commenced after the "expiration of twenty years from the time when the party recovering it [the judgment] was first entitled to a mandate to enforce it," and that as the judgment was recovered on January 27, 1876, that day must be excluded from the computation of the 20 years. In other words, that January 27, 1896, the day upon which the summons was served, was the last day upon which this action could be commenced.

The judgment must be affirmed, with costs. All concur.