(100 App. Div. 25)

*BIGGS v. CITY OF GENEVA.

(Supreme Court, Appellate Division, Fourth Department. December 7, 1904.)

1. MUNICIPAL CORPORATIONS—PERSONAL INJURIES—NOTICE OF CLAIM—TIME OF FILING.

A city charter (Laws 1897, p. 432, c. 360, § 33) provides that no action shall be maintained against the city for personal injuries unless notice of claim' shall have been filed within one month after such injuries shall have been received. The statutory construction law (Laws 1892, p. 1490, c. 677, § 26) provides that the number of months after a certain day shall be computed by counting such number of months from such day, exclusive of the calendar month in which such day occurs, and shall include the day of the month in the last month so counted having the same numerical order in days of the month as the day from which the computation is made. Section 27 of the same law provides that, in computing any specific number of days, weeks, or months from a specified event, the day upon which the event happens is deemed the day from which the reckoning is made. Held that, where a person was injured February 10th, a notice filed on March 11th was one day too late.

2. SAME—NECESSITY OF GIVING NOTICE.

    Under a city charter (Laws 1897, p. 432, c. 360, § 33) providing that no action shall be maintained against the city for personal injuries unless notice of claim shall have been filed with the corporation counsel within one month after such injury shall have occurred, the filing of a notice is a condition precedent to the maintenance of the action, and must be pleaded and proved.

Appeal from Special Term, Ontario County.

Action by William Biggs against the city of Geneva. From an order denying a new trial, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

W. Smith O'Brien and Myron D. Short, for appellant.
John Gillette, for respondent.

WILLIAMS, J. The order should be reversed, with costs to the appellant to abide event, and the motion granted, upon questions of law only; the facts having been examined, and no error found therein.

The action is against a municipal corporation to recover damages for injuries to the plaintiff alleged to have been caused by the negligence of the defendant. The plaintiff fell upon an icy sidewalk and broke his wrist on the 10th day of February, 1902. The charter of the defendant (section 33, c. 360, p. 432, Laws 1897) provides that:

"No action or proceeding shall be maintained against the city for personal injuries, unless notice in writing of the intention to claim damages, and of the time and place at which the injuries were received, and the nature and extent of such injuries, shall have been filed with the corporation counsel, within one month after such injury shall have been received."

The plaintiff attempted to comply with this provision by filing such notice on the 11th day of March, 1902. No notice was filed before that time. This was not within one month, as provided by statute, but was one day late. Both parties agree that in computing the time the 10th of February should be excluded, and that the month referred to in the statute is a calendar month. There is no conflict in the cases cited on either side. All agree that the month would expire March 10, and not March 11, 1902.

Section 26 of the statutory construction law (Laws 1892, p. 1490, c. 677) provides that:

"A number of months after * * * a certain day shall be computed by counting such number of months from such day, exclusive of the calendar month in which such day occurs, and shall include the day of the month in the last month so counted having the same numerical order in days of the month, as the day from which the computation is made."

Applying this rule here, March 10th is included; having the same numerical order as the 10th of February, from which the computation is made. The computation is not from the 11th of February, but from the 10th of February. Thus it is provided by section 27 of the statutory construction law (Laws 1892, p. 1491, c. 677) that:

"In computing any specified number of days, weeks or months from a specified event, the day upon which the event happens is deemed the day from which the reckoning is made."

In Morss v. Purvis, 68 N. Y. 225, it was held that a sale of lands having been made January 16, 1869, the 15 months thereafter within which redemption could be made, excluding the day of sale, would expire April 16, 1870. In Hungerford v. Wagoner, 5 App. Div. 591, 39 N. Y. Supp. 369, it was held, under the statutory construction law, that one month after October 2, 1895, expired November 2, 1895. In Connecticut Nat. Bank v. Bayles, 17 App. Div. 596, 45 N. Y. Supp. 305, it was held, under the statutory construction law, that 20 years from January 27, 1876, expired January 27, 1896. In People v. Burgess, 153 N. Y. 561–573, 47 N. E. 889, it was held that 14 days before March 16th would be computed by excluding the 16th and including the first day, the 2d; approving Bank v. Bayles, above. Aultman v. Syme, 163 N. Y. 54, 57 N. E. 168, 79 Am. St. Rep. 565, merely held the statutory construction law did not apply to the computation of years, but only days, weeks, and months. In Kane v. City of Brooklyn, 114 N. Y. 586–594, 21 N. E. 1053, it was held that "within 30 days after March 15th" expired April 14th. In Snyder v. Warren, 2 Cow. 518–520, 14 Am. Dec. 519, it was held that 15 months to redeem from a sale made August 15, 1822, expired November 15, 1823. In Sheets v. Selden's Lessee, 2 Wall. 177–189, 17 L. Ed. 822, it was held that a calendar month after May 1st expired June 1st following. In Dutcher v. Wright, 94 U. S. 553–560, 24 L. Ed. 130, it was held that, in computing 4 months before the filing of a petition in bankruptcy, the day of the filing should be excluded, under an act of Congress. The filing being April 8, 1870, the first day of the 4 months was December 8, 1869.

We have here considered every case cited by counsel upon this question. They are all in harmony with each other and with the statutory construction law, and we must therefore conclude that the notice in question was not filed within the "one month" provided by the statute. The filing of the notice was a condition precedent to the maintenance of the action, and had to be pleaded and proved. Reining v. City of Buffalo, 102 N. Y. 308, 6 N. E. 792; Curry v. City of Buffalo, 135 N. Y. 366, 32 N. E. 80. It was pleaded, but it was not proved. The plaintiff was not, therefore, entitled to recover in the action. A nonsuit should have been granted, and a new trial should have been ordered.

We have examined the evidence bearing upon the question of the negligence of the defendant, and the contributory negligence of the plaintiff, and the amount of damages, and cannot say that the verdict is contrary to the evidence upon these questions.

The order should be reversed, and the motion for a new trial granted, solely on the ground of failure to serve the notice within the time prescribed by the statute. All concur.

Order reversed and motion granted, with costs to appellant to abide the event. All concur.