By the Court. Oakley, Ch. J.
The only question in this case is, whether the facts admitted furnished sufficient proof of an ouster, so as to enable the plaintiff, who claims only an undivided moiety of the premises, to maintain the action.
It is admitted that the original entry of the defendant was under the assignment of a lease, which had then expired. As his entry was therefore without title, it was in its nature hostile to the rights of the true owner, and the occupation that followed, in fact, exclusive and adverse. Bor do we think that this construction is at all altered by the fact, that the expired lease (contained a covenant of renewal. The covenant gave no right of entry.
Without resorting to the evidence, we incline strongly to the-opinion, that the denial in the defendant’s answer of all right, title, and interest in the plaintiff, is an admission, that his own possession is adverse, and may therefore well be treated as equivalent to a confession of ouster, superseding the necessity of proof upon the trial; but as we do not mean to place-our decision upon this ground, it is not necessary to state the reasons that incline us to the opinion.
The ground upon which we place our decision, is, that the character of the defendant’s possession must be determined by the nature of the claim under which he originally entered, and as, in its inception, this was clearly hostile to the rights of the plaintiff, and the 'possession of the defendant under it in fact exclusive, we think there is sufficient in the case to show such an ouster by the defendant, as destroyed the tenancy in common, and entitled the' plaintiff, by bringing this suit, to treat him as a trespasser. As the possession of the defendant was in *342 its origin hostile, the presumption of law is, that it remains so. Ror is this presumption met or weakened hy the fact, that he has obtained a lease from the other tenants in common of their respective shares. By his acceptance of this lease, his possession, in respect to them, has ceased to be adverse, but this is no evidence that it has ceased to be adverse, in respect to the undivided moiety of the plaintiff. There was no necessity for making the other tenants in common parties to this suit. Their rights are not questioned. The jiidgment is reversed, and there must be a new trial, with costs to abide the event.