JAMES HARRISON, Respondent, *v.* CLAY TAYLOR *et al.*, Appellants.

*Ejectment—Tenants in Common.*—Where the defendant sued in ejectment by a tenant in common sets up an adverse possession, it is unnecessary for the plaintiff to show a demand for possession previous to the suit.

*Lands—Limitation.*—See Tayon v. Ladew, *supra ;* Page v. Scheibel, 11 Mo. 167.

### Appeal from St. Louis Land Court.

This was an ejectment for part of the same common field lot in controversy in the case of Page v. Scheibel, 11 Mo. 167. The plaintiff claimed title under Calvé. The defendant claimed title under a New Madrid location and patent to Genereux, and defended also under the statute of limitations. Against plaintiffs' title they claimed that Calvé had abandoned the lot under the Spanish government.

At the trial the questions as to the conflicting titles and limitations were similar to those decided in the case of Tayon v. Ladew. The evidence upon the question of abandonment by Calvé was the same as in the case of Page v. Scheibel, 11 Mo. 167.

*Cates* and *Page*, for appellants.

*Glover & Shepley*, and *B. A. Hill*, for respondent.

BATES, Judge, delivered the opinion of the court.

This case is very much like the case of Tayon v. Ladew, in which our opinion is given at this term, which covers nearly all the questions necessary to be decided in this case.

In that case the plaintiffs claimed solely a confirmation by the act of 1812, without survey. In this case the plaintiff claimed a confirmation by the act of 1812, and also a confirmation by the act of 1816 and survey thereunder.

It was urged by the appellant in this case that the defendants, or one of them, was tenant in common with the plaintiff, and therefore that the plaintiff could not sue without having made a previous demand for possession.

The answer states that the defendants held the premises "adversely against all persons." Their adverse holding thus appearing, it was unnecessary for the plaintiff to show a demand of possession.

The other judges concurring, judgment affirmed.