## DAVID J. NOBLE

*v.*

## MATILDA McFARLAND.

1. LIMITATIONS—*married women—of the effect of the act of* 1861. The act of 1861, securing to married women the enjoyment of their separate property, does not operate to divest the husband of an estate by the curtesy in his wife's lands, which had vested before the passage of that act; and while the husband and wife *may* join in an action to recover the lands of the latter, thus situated, they are not bound to do so, and the three years within which the wife must commence her action, under the limitation act of 1839, after her disability is removed, will not commence to run until after the death of her husband.

2.  OUSTER—*what constitutes—as between tenants in common.* Where one of two tenants in common of land, obtains the actual, exclusive possession of the whole tract, claiming it as his own, and denying any right of his co-tenant in the premises, and upon ejectment being brought against him by his co-tenant to recover his interest, the defendant, instead of entering a disclaimer as to the plaintiff's interest in the land, pleaded not guilty and set up the statute of limitations: *Held*, that these acts on the part of the defendant constituted an ouster, and relieved the plaintiff from the necessity of proving an ouster by any other evidence.

APPEAL from the Circuit Court of Mercer county; the Hon. ARTHUR A. SMITH, Judge, presiding.

The facts are fully presented in the opinion.

Mr. J. C. PEPPER and Mr. T. G. FROST, for the appellant.

Messrs. A. G. & J. M. KIRKPATRICK, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of ejectment, brought by appellee, in the Mercer Circuit Court, against appellant, for the recovery of the north-west quarter of section 22, town 14 north, range 5 west of the 4th p. m., to the October term, 1867. The first count claimed five-sixteenths; the second count an undivided three-eighths, and subsequently an additional count was filed, claiming an undivided one-fourth. The general issue was filed, and a joinder had thereon. A jury was waived, by consent of parties, and a trial had by the court, on an agreement of facts as follows :

"1st. On the part of the plaintiff, as follows, viz: That James Toucey died intestate, in Wythe county, Virginia, on the 30th day of June, 1838, seized in fee, by a regular chain of conveyances from the United States, of the N. W. 22, 14 N., 5 W. in Mercer county, Illinois, being the premises described in the declaration. That he was lawfully married to Mary

Cranston on the 29th day of February, 1809. That at the time of his death he left surviving him his wife, Mary Toucey, and four children, viz: the plaintiff, Matilda Toucey, intermarried with George McFarland, Robert L. Toucey, James H. Toucey, and Alexander Toucey, they being his only heirs at law. That the plaintiff, then Matilda Toucey, was, on the 2d day of November, 1830, lawfully married to George McFarland. That from the 7th day of June, 1832, to the 6th day of May, 1851, inclusive, there were eight children born to said George and Matilda McFarland as the lawful issue of said marriage, all of such children being now living. That said George McFarland, the husband of the plaintiff, died on the 30th day of January, 1864. That this suit was instituted on the 22d day of January, 1867. That Alexander Toucey, one of said heirs, died intestate, unmarried, on the 3d of April, 1854, leaving no children or descendants of children. That Mary Toucey, wife of said James Toucey, died on the 16th of June, 1855. That at the time of the service of the declaration in this case, the defendant was in the actual possession of the said premises. That Robert L. Toucey is still living. That James H. Toucey died some time in the year 1839.

" 2d. On the part of defendant, as follows: The following conveyances are offered to show claim and color of title made in good faith: 1. Deed from James H. Toucey to James S. Thompson for the whole quarter, executed August 19th, 1839. 2. Deed from James S. Thompson and wife to Lewis Noble, also for the whole quarter, executed October 31st, 1842. 3. Deed from Lewis Noble and wife to J. W. Hudson, for 80 acres, south half of the quarter, dated August 21st, 1846. 4. Contract from J. W. Hudson to the defendant, for said south half, dated August 29th, 1863. 5. Deed from Lewis Noble and wife to the defendant for the north half of the said quarter, dated February 7th, 1850. 6. That David J. Noble paid all the taxes on and was in possession of the north half from 1851 to 1862, inclusive. That J. W. Hudson paid all the taxes on and was in possession of the south half from 1851 to 1862;

inclusive. 7. That from 1862 to the time of the commence-ment of this suit, the defendant was in possession of and paid all taxes due on the whole quarter."

The court found the issues in favor of plaintiff, and that she was the owner of an undivided one-fourth of the land. Defen-dant entered a motion for a new trial, which was overruled by the court, and he brings the record to this court on appeal, and seeks to reverse the judgment.

It is first insisted, that the act of February 21st, 1861, entitled " An Act to protect married women in their separate property," notwithstanding the husband of appellee had acquired, by marriage and the birth of children, an estate by the curtesy, gave the wife the exclusive control of her interest in this land, and she was, under the act of 1839, bound to bring her suit within three years from that date, or become barred. In the case of *Rose v̇. Sanderson*, 38 Ill. 247, it was held, that the first clause of that act can not, without a very forced construction, be held to apply to estates vested in a husband at the date of its passage, and that there is not the slightest reason why courts should seek, by such construction, to depart from the rational import of the language. In *Cole v. Van Riper*, 44 Ill. 58, it was again held, that the act does not divest the husband of his right to curtesy in the lands of the wife. These cases are to the point, and are conclusive of this question. While the husband and wife might have sued, during his lifetime, to recover the wife's estate in these premi-ses, they were not bound to do so, and she is not barred by having delayed until after his death.

The agreement shows that appellee was one of four heirs who inherited this property from her father; that at his death she was covert, and so continued until the death of her hus-band, on the 30th day of January, 1864; that she instituted this suit within three years after his death. It then appears that she is the owner of one-fourth of the premises by descent from her father, and that she is not barred of a recovery by

the statute of limitations, by reason of her coverture. But inasmuch as the statute had run against her deceased brother, the interest she claims to have inherited of him is completely barred.

It is again urged, that although appellee is not barred by the statute of limitations, being a tenant in common with appellant, she cannot recover unless she prove an actual ouster by appellant. It is admitted that appellant was in under color of title to the whole tract, and that he claimed and asserted that he was the owner of the whole. He denied, in the most emphatic manner, that appellee held any interest in the land, and defended the suit upon the ground that her action was barred by the statute of limitations. Instead of entering a disclaimer as to her interest, he pleaded not guilty, and resisted in the usual mode her right of recovery. He was in the actual, exclusive possession of the land, claiming it as his own, and denying her title. If this does not constitute an ouster, we are at a loss to perceive what acts could be done to produce that result. He appropriated the property held in common to his own exclusive use, insisting it was his, and not only excluding appellee from its use, but denied that she had any right to participate in its enjoyment. Whatever may have been held by other courts, we would be reluctant to hold that such acts do not constitute an ouster of a tenant in common. It seems to us that the mere statement of the facts renders reasoning unnecessary to establish the proposition.

The judgment of the court below must be affirmed.

*Judgment affirmed.*