# ROBERT ROAN

*v.*

# JOHN ROHRER.

1. TIME—*rule for computing.* Where an act is required to be performed within a specified time from a day named, the rule for computing the time is to exclude the day from which the time commences to run, and include the day on which the act is to be performed.

2. SAME—*when redemption from sale on execution may be made.* Where a statute provides that redemption from a sale may be made within twelve months, and a sale is made on the ninth day of a month, a redemption may be made on the ninth day of the same month of the next year.

3. REDEMPTION—*to whom money may be paid.* Where the owner of land which has been sold on execution, within the time allowed by law for redemption, leaves the redemption money, for the purpose of making redemption, with a person named by the officer who made the sale, and by his direction, it is the same as if the money had been paid directly to such officer, and operates as a redemption.

APPEAL from the Circuit Court of Jefferson county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

Messrs. CREWS & HAYNES, for the appellant.

Messrs. CASEY & WILSON, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The bill in this case shows that appellee's land was sold by virtue of an execution, on the 9th day of September, 1871, for the sum of $39.55, to appellant, and a certificate of purchase was given to him. On the 6th day of September, 1872, appellee went to the county seat to redeem the land from the sale, but was unable to find the sheriff at his office or in the town, nor could any one be found with whom the money could be properly left. On the 9th day of September, 1872, appellee went to town to redeem, and on his way to that place met the sheriff, who directed him to leave the redemption money with John S. Bogan, the clerk of the circuit court. Appellee, on

that day, left in the hands of the clerk the sum of $50, more than enough to redeem the land, as directed by the sheriff. The sheriff refused to issue to appellee a certificate of redemption. Thereupon, this bill was filed, and appellant interposed a demurrer, which the court overruled, and appellant declining to answer, the court rendered a decree, *pro confesso*, that the sheriff execute to appellee a certificate of redemption, and that he be perpetually enjoined from making a deed to the purchaser. From that decree defendant Roan, the purchaser, appeals to this court and asks a reversal.

The act of 1872, Sess. Laws, 507, repeals the chapter of the Revised Statutes of 1845, entitled "Judgments and Executions," except some enumerated sections not affecting the sale or redemption of lands. The 18th section of the act of 1872 gives the right to the defendant, his heirs, administrators, assigns, or any person interested in the premises, to redeem land sold under execution, but limits no time within which the redemption shall be made. This, then, authorized the redemption at any time before the expiration of fifteen months, if not even after that time. The law was, however, amended by act of the 29th of April, 1873, p. 107, so as to require such redemptions to be made by the defendant in execution within twelve months from the sale.

But, under the 13th section of the act of 1845, the money was placed in the hands of the agent of the sheriff in proper time. That act provides, that the redemption may be made within twelve months from such sale.

When an act is required to be performed within a specified time from a day named, the rule is, to exclude the day from which the time commences to run, and include the day on which the act is to be performed. In computing the time for redemption in this case, the 9th day of September, 1871, the day on which the sale was made, is excluded, and a year expiring after that day would include the 9th day of September, 1872, the day on which the money was paid, by the direction of the sheriff, to the circuit clerk. *Ewing* v. *Bailey,* 4 Scam. 420; *Waterman* v. *Jones,* 28 Ill. 55; *Vairin* v. *Edmonson,* 5 Gilm.

270; *Richardson* v. *Ford*, 14 Ill. 332; *The People* v. *Hatch*, 33 Ill. 14. It, then, follows that the money was paid in time.

When appellee obeyed the directions of the sheriff, and paid the money to the person he named, that person thereby became his agent, and in effect was the same as a payment to the sheriff, and had the payment been made directly to that officer, there can be no doubt that it would have amounted to a redemption, had it been paid and received as and for a redemption, as it was in this case. The mere fact that a written certificate was not given, could in nowise affect the rights of appellee. He had complied with the law, and should not lose his land because the officer, for any cause, has refused to furnish him with written evidence of the redemption, and he was entitled to the relief sought.

The decree of the court below is affirmed.

*Decree affirmed.*