## S. A. BEMIS vs. LEWIS LEONARD.

Hampden.    Sept. 28. — Oct. 5, 1875.    AMES & DEVENS, JJ., absent.

In computing time from the date, or from the day of the date, or from a certain act
    or event, the day of the date is to be excluded, unless a different intention is man-
    ifested by the instrument or statute under which the question arises.

Under the Gen. Sts. c. 123, § 57, requiring the copy of the writ and of the return
    of the attachment of bulky personal property to be deposited in the town clerk's
    office "at any time within three days thereafter," the day of the attachment is to
    be excluded.

CONTRACT.    Writ dated September 13, 1871.  The officer's
return was as follows :

"Hampden, ss.    October 3, 1871.    By virtue of this writ I
this day attached five lots of tobacco as the property of the within
named defendant, said tobacco situate one lot in barn of estate of
Walter Cooley, one lot in barn of Aaron Day, one lot in barn of
Edwin Parsons, one lot in barn of Henry Sibley, and the other
lot in barn of Mrs. Day and William White, and afterwards on
the same day I summoned the within named trustee to appear
and answer at court as within directed, by leaving at his last and
usual place of abode a true and attested copy of this writ.    And
the said tobacco could not be moved without damage thereto, and
in consideration of its great bulk, I on the sixth day of October
deposited in the office of the clerk of the said town of West
Springfield an attested copy of this writ, with so much of my re-
turn thereon as relates to said attachment of said tobacco, and
afterwards on the same day summoned the within named defend-
ant to appear and answer at court as within directed, by leaving
at his last and usual place of abode a true and attested copy of
this writ."

The case was submitted to the Superior Court, and, after a
special judgment for the plaintiff for the property attached, to
this court, on appeal, upon the following statement of facts :

The property mentioned in the officer's return was duly at-
tached and the attachment perfected, provided the facts set forth
in the return constitute a valid attachment.    More than four
months after the making of the attachment, the defendant filed
his petition in bankruptcy, upon which he was duly adjudged
bankrupt, and he has since received his discharge.

If the officer's return set forth a valid attachment of the property therein described, judgment was to be rendered for the plaintiff; otherwise, such judgment as the court might order.

*G. Wells,* for the plaintiff.

*M. P. Knowlton,* for the defendant. The copy of the writ was not seasonably deposited in the clerk's office, under the Gen. Sts. *c.* 123, § 57. By § 54 of the same chapter the officer had, before the St. of 1860, *c.* 70, more than three full days to deposit his copy where real estate was attached "within three days after the day on which the attachment is made." *Hannum* v. *Tourtellott,* 10 Allen, 494. He would naturally need more time to travel a long distance to the county seat than to go to the office of the clerk in the town where the attachment is made.

An attachment is instantaneous, and the remainder of the day after it is made counts as one; that is a day in which the officer may, if he chooses, deposit his copy. When time is to be computed from the day upon which an event occurs, the day is excluded; when from an act done, it is included. *Perry* v. *Provident Insurance Co.* 99 Mass. 162. *Atkins* v. *Sleeper,* 7 Allen, 487. *Seekonk* v. *Rehoboth,* 8 Cush. 371. *Fuller* v. *Russell,* 6 Gray, 128. *Castle* v. *Burditt,* 3 T. R. 623. *Glassington* v. *Rawlins,* 3 East, 407.

All the cases in which the day is excluded are founded upon some statute or contract in which there is language " from the time " or the like, equivalent to " from the day " or "from the date," and the general rule stated above is reaffirmed in the late cases. " This rule is applied to statutes directing the service of process in this Commonwealth." *Butler* v. *Fessenden,* 12 Cush. 78. *Wheeler* v. *Bent,* 4 Pick. 167.

GRAY, C. J. The rule of construction, stated in some of the old authorities, that when time is to be computed from an act done, the day of the act is to be included, has been rejected in the later English cases, of which it is sufficient to refer to *Lester* v *Garland,* 15 Ves. 248, and *Webb* v. *Fairmaner,* 3 M. & W. 473, where the earlier cases are critically reviewed by Sir William Grant and by Baron Parke. And the English decisions, cited by the learned counsel for the defendant, cannot govern the case before us.

One of them is *Castle* v. *Burditt*, (1790) 3 T. R. 623, in which the decision was that under a statute providing that certain actions should not be brought until one month after written notice thereof to the defendant, the day of the delivery of the notice must be included. Although the court said that the case came within the rule above mentioned, it is evident that it was not intended to affirm that rule to be universal; for in *Ex parte Fallon*, (1793) 5 T. R. 283, the same judges held that under St. 17 Geo. III. *c*. 26, requiring a deed to be enrolled within twenty days from its execution, the day of the execution was to be excluded. The reason assigned by Lord Kenyon in *Ex parte Fallon* was one which has been often repeated since : " Suppose the direction of the act had been to enrol the memorial within one day after the granting of the annuity, could it be pretended that that meant the same as if it were said that it should be done on the same day on which the act was done ? If not, neither can it be construed inclusively, when a greater number of days is allowed." And Mr. Justice Buller considered the case to be governed by the authority of the decision in 2 Inst. 674; *S. C.* Dyer, 218 *b ;* Mo. 40 ; that under the St. of 27 Hen. VIII. *c*. 16, requiring deeds to be enrolled " within six months next after the date of the same," it was just as if the statute had said " after the day of the date," and the day was excluded. It should be added that the case of *Castle* v. *Burditt* has been directly overruled in England. *Young* v. *Higgon*, 6 M. & W. 49, and cases cited.

In 1796, the House of Lords, upon an appeal from Scotland, held that under a statute providing that deeds made in the last illness of the grantor should be void, unless he lived " for the space of three score days after making and granting thereof," the day of the execution of the deed must be excluded, and that a deed made on February 22, by a man who died at a later hour on April 22, 1791, was invalid ; and Lord Thurlow (Lord Loughborough concurring) said : " The *terminus a quo* mentioned in the act is descriptive of a period of time, and synonymous with the date or day of the deed, which is indivisible, and *sixty days after* is descriptive of another and subsequent period, which begins when the first period is completed. The day of making the deed must therefore be excluded ; so the maker lived only fifty-nine days of the period required. Had he seen the morning of the

sixtieth or subsequent day, it would have been sufficient; the rule of law above mentioned (*dies inceptus pro completo habetur*) then applying, and making it unnecessary and improper to reckon by hours, or to inquire if the last day was completed." *Mercer* v. *Ogilvy*, 3 Paton, 434, 442.

The only other English case cited for the defendant is *Glassington* v. *Rawlins*, 3 East, 407, deciding that under St. 21 Jac. I. *c.* 19, which provided that any trader, who should " after his arrest lie in prison two months," should be adjudged a bankrupt, the day of the arrest must be included in computing the two months. But in that case, as observed by Baron Parke in *Webb* v. *Fairmaner*, 3 M. & W. 473, 476, the party clearly lay in prison on that day. Each day being in contemplation of law indivisible, the decision computing the day of his commitment as one of the days of his imprisonment corresponded to the familiar rule by which the day of a person's birth is included, and he is held by law to become of age on the day before the twenty-first anniversary thereof. Met. Con. 38. *Bardwell* v. *Purrington*, 107 Mass. 419.

The statement of Mr. Justice Story in *Arnold* v. *United States*, 9 Cranch, 104, 120, that " it is a general rule, that where the computation is to be made from an act done, the day on which the act is done is to be included," had no application to the case before the court, in which the point decided was that a statute which was to take effect "from and after the passing thereof " took effect immediately, without waiting for the expiration of the day on which it was passed; and to apply the rule quoted would include the whole of that day, and so give the statute a retroactive effect, which could not be allowed. *The Brig Ann*, 1 Gallison, 62, 66. *Kennedy* v. *Palmer*, 6 Gray, 316. 1 Kent Com. (12th ed.) 454, 455.

In the recent case of *Sheets* v. *Selden*, 2 Wall. 177, 189, on the other hand, where a lease provided that the rent should be paid semiannually on certain days, and that, if any instalment should remain unpaid for one month from the time it should become due, the lessor might enter and take possession, it was held that the day on which the rent fell due must be excluded; and it was said that the general current of modern authorities, on the interpretation both of contracts and of statutes, when

time is to be computed from a particular day or a particulaı event, is to exclude the day designated ; citing *Cornell* v. *Moulton*, 3 Denio, 12, and *Bigelow* v. *Willson*, 1 Pick. 485.

In this Commonwealth, the general rule, as applied in a variety of circumstances, and now well established, is, that in computing time from the date, or from the day of the date, or from a certain act or event, the day of the date is to be excluded, unless a different intention is manifested by the instrument or statute under which the question arises. But as conflicting opinions have been expressed in some of the cases, it is proper to consider them in detail.

The leading case is *Bigelow* v. *Willson*, 1 Pick. 485, in which it was held that under the St. of 1815, *c.* 137, authorizing the owner of an equity of redemption, sold on execution and conveyed by the officer, to redeem it " within one year next after the time of executing " the deed, the day on which the deed was executed was excluded ; and Mr. Justice Wilde, who delivered the judgment of the court, assigned, as reasons for the decision, that a day in a legal sense is an indivisible point of time, there being no fractions of a day ; that " the time of executing " the deed was the day of delivery, and equivalent to " the date " or " the day of the date ; " that before the case of *Pugh* v. *Leeds*, Cowp. 714, all the cases agreed that " from the day of the date " were words of exclusion, and such was still their usual signification, unless, as was there held in the case of a lease, the clear intention of the parties was to include that day ; that no moment of time can be said to be after a given day until that day has expired ; that if a day is considered as an indivisible point of time, there can be no distinction between a computation from an act done, and a computation from the day on which the act was done ; and that the rule including the day, in the first alternative, was founded upon an exploded distinction, originally introduced for the purpose of saving leases from the objection that they commenced *in futuro*, and of doubtful authority.

So in *Seekonk* v. *Rehoboth*, 8 Cush. 371, 373, Chief Justice Shaw said : " We consider it now well settled as a general rule, that when an act is to be done within a given number of days from the date, or day of the date, or act done, the day of the date is excluded ; otherwise, an act to be done in one day must

be done on the same day; and as there is no fraction of a day, such stipulation must create an obligation to do it *instanter;*" and it was accordingly held that under the Rev. Sts. *c.* 46, § 15, by which a town liable for the support of a pauper was required, in order to exempt itself from liability beyond a certain rate, to remove him "within thirty days from the time of receiving legal notice that such support has been furnished," the day on which the notice was received should not be included in the thirty days.

Again, in *Fuller* v. *Russell,* 6 Gray, 128, it was held that possession taken by a mortgagee for breach of condition, which, "being continued peaceably for three years," was declared by the Rev. Sts. *c.* 107, § 1, to foreclose the right of redemption, must continue for three years, beginning with the day following that on which possession was taken. And in a very recent case it was decided that, under the Gen. Sts. *c.* 124, § 14, which prohibit the giving of a second notice of a desire to take the poor debtor's oath, "until the expiration of seven days from the service of the former notice," the day of the service of the first notice must be excluded, and that when that day was the 24th of the month, a new notice on the 31st was bad. *Millett* v. *Lemon,* 113 Mass. 355.

The general rule, thus deliberately affirmed and repeatedly acted on, cannot be deemed to be shaken by the mention, in *Butler* v. *Fessenden,* 12 Cush. 78, 79, of the opposite rule as stated in, and evidently borrowed from, *Castle* v. *Burditt* and *Glassington* v. *Rawlins, ubi supra.* The point adjudged in *Butler* v. *Fessenden* was that, by the settled practice in computing the time of service before the return day of process, the day of service is included. The same practice prevails in other states and in England. *Hoffman* v. *Duel,* 5 Johns. 232. *Columbia Turnpike* v. *Haywood,* 10 Wend. 422. *Day* v. *Hall,* 7 Halst. 203. *Thomas* v. *Afflick,* 16 Penn. St. 14. *Barto* v. *Abbe,* 16 Ohio, 408. *The King* v. *Justices of Cumberland,* 4 Nev. & Man. 378; *S. C.* 2 A. & E. 463. If the day of service, as well as the return day, were excluded, the defendant would be allowed parts of both those days beyond the time required by law. By a like practice in this Commonwealth, the first publication of an order of notice required to be published for a certain number of weeks may be made at any time in the week. *Frothingham* v. *March,* 1 Mass. 247. *Dexter* v. *Shepard,* 117 Mass. 480.

The ruling in *Wheeler* v. *Bent*, 4 Pick. 167, that under the St. of 1817, *c.* 190, § 7, requiring appeals from the judge of probate to be proceeded with at the term of this court " holden next after the expiration of thirty-four days after such appeal shall be made," the day on which the appeal was made should be reckoned as one of the thirty-four, appears by the report to have been made summarily and without argument; and it might be difficult to reconcile it with the words of the statute or the decisions of other courts. *Ex parte Dean*, 2 Cowen, 605. *Commercial Bank* v. *Ives*, 2 Hill (N. Y.) 355. *Vandenburgh* v. *Van Rensselaer*, 6 Paige, 147. *Sims* v. *Hampton*, 1 S. & R. 411. *Weeks* v. *Hull*, 19 Conn. 376. *Ewing* v. *Bailey*, 4 Scam. 420. *Williams* v. *Burgess*, 12 A. & E. 635; *S. C.* 4 P. & D. 443. But the mode, prescribed by that statute, of computing the time of performance of the several acts connected with the appeal, was, as justly observed by the commissioners on the Revised Statutes, " complicated and somewhat confused," and has been altered. Rev. Sts. *c.* 83, §§ 34–37, & commissioners' notes. Gen. Sts. *c.* 117, §§ 9, 10. We cannot therefore safely take that ruling as a guide, and need not consider its correctness.

It was indeed decided in *Presbrey* v. *Williams*, 15 Mass. 193, and assumed, though not necessary to the decision, in *Little* v. *Blunt*, 9 Pick. 488, 491, that, in computing the period of limitation of actions, the day on which the cause of action accrued should be included, because the action might have been brought on that day. But the decision was rested on the authority of *Norris* v. *Gawtry*, Hob. 139; *S. C.* Mo. 878; 1 Brownl. 156; and can hardly stand with the later adjudications. *Paul* v. *Stone*, 112 Mass. 27. *Cornell* v. *Moulton*, 3 Denio, 12. *Owen* v. *Slatter*, 26 Ala. 547. *Warren* v. *Slade*, 23 Mich. 1. *Pellew* v. *Wonford*, 9 B. & C. 134; *S. C.* 4 Man. & Ry. 130. *Hardy* v. *Ryle*, 9 B. & C. 603; *S. C.* 4 Man. & Ry. 295. Angell on Lim. *c.* 6.

The *dictum* in *Atkins* v. *Sleeper*, 7 Allen, 487, 488, repeated in *Perry* v. *Provident Insurance Co.* 99 Mass. 162, 163, that " where time is computed from an act done, the general rule is to include the day," was aside from the decision of the court in each case; for, in the first, the computation was to be made from a certain day, and was held to exclude that day; and in the sec-

ond, whether the day was included or excluded made no difference in the result; and it is supported by none of the authorities cited, except upon grounds which are expressly repudiated in *Bigelow* v. *Willson, ubi supra.*

From this review of the cases, it follows that the provision of the Gen. Sts. *c.* 123, § 57, requiring the copy of the writ and of the return of the attachment of bulky personal property to be deposited in the town clerk's office "at any time within three days thereafter," is not distinguishable, so far as regards the computation of time, from the provision of § 54 of the same chapter, which requires like copies, in case of an attachment of real estate, to be deposited in the office of the clerk of the courts "within three days after the day on which the attachment is made;" and that in either case the day of the attachment is to be excluded in computing the three days within which the copies may be deposited in the clerk's office. *Hannum* v. *Tourtellott,* 10 Allen, 494. And by the terms of the case stated, there must be           *Judgment for the plaintiff.*