## EVANS V. BOWERS.

1. HABEAS CORPUS — COUNTY COURTS.— The county court has no authority to issue a writ of *habeas corpus*, except in cases clearly within the statute; and, whenever it appears at any time that such writ has been issued without authority, it should be promptly dismissed, and the prisoner remanded.

2. JURISDICTION OF DISTRICT COURT— HOW TIME COMPUTED.— In computing the time between the application to the county court for a writ of *habeas corpus* and the sitting of the district court, the day on which the application is made should be excluded.

## Appeal from Fremont County Court.

IN September, 1886, James Bowers applied to the county court of Fremont county for a writ of *habeas corpus*, setting forth in his petition that he was illegally restrained of his liberty by one Edward L. Evans, town marshal of the town of Coal Creek, in said county. The writ was duly issued. By the agreed statement of facts upon which the cause was heard, it appears that Bowers was imprisoned by virtue of a judgment of conviction before the police magistrate of the town of Coal Creek, for the violation of an ordinance of said town prohibiting the sale of vinous, malt and other intoxicating liquors within said town, and within one mile of the outer boundaries thereof. The judgment was to the effect that Bowers should pay a fine of $75 and costs, and stand committed until the same was paid, the commitment not to exceed ninety days.

Upon the return and hearing of the writ of *habeas corpus*, the petitioner Bowers was discharged from imprisonment by the county court. The case is brought here by the respondent, Evans, under the act of 1885 allowing appeals from "an order or judgment of *habeas corpus*."

A motion challenging the jurisdiction of the county court to issue the writ of *habeas corpus* and hear the cause was interposed by counsel for respondent in the court below, which being overruled, the same matter is assigned for error upon this appeal. The assignment is based upon section 20, chapter 49, General Statutes, which provides: "Any county court or county judge in this state is hereby authorized to issue the writ of *habeas corpus*, in all cases except when the petitioner shall be detained or imprisoned on a charge of having committed a felony, or is detained and imprisoned under a judgment or order of the district court: provided, that no county court or county judge shall issue such writ when the su-

preme court or district court, or any one of the judges of said courts, shall be in the county where such writ shall be issued, or when there shall be a term of the supreme or district court within such county within thirty days from the time of the application for said writ."

Mr. C. D. BRADLEY, for appellant.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The writ of *habeas corpus*, though of inestimable value as a safeguard of human liberty when proceedings under it are judiciously administered, has nevertheless been so often improvidently used as a means whereby criminals, justly convicted, have escaped punishment, that its name in certain communities has become odious. This has been occasioned in some measure, perhaps, by investing inexperienced judges with jurisdiction of the writ; but the greatest evil has resulted from an improper use of the writ as a substitute for an appeal or writ of error, whereby courts without appellate jurisdiction, passing upon questions of supposed error, and not within the scope of *habeas corpus* proceedings, have released prisoners for the most trifling causes. Fortunately, in Colorado until 1879, jurisdiction of the writ was confined to the judges of the superior courts. At that time the state, having outgrown its judicial system,— there being only four judicial districts in the state, and no constitutional authority to increase the number,— an act was passed investing county judges with jurisdiction in certain *habeas corpus* cases, under careful limitations. Gen. St. ch. 49, § 20. The county court has no authority to issue a writ of *habeas corpus* except in cases clearly within the statute; and whenever it appears, at any time, that such writ has been issued without authority, it should be promptly dismissed and the prisoner remanded.

Application was made for the writ of *habeas corpus* in this case on September 11th. A term of the district court

of Fremont county was then provided by law to be held on the second Monday of October following; and we take judicial notice that said second Monday occurred October 11th, in the year 1886. Hence we must determine whether or not the holding of such October term was within thirty days from the application for said writ. If the term was to be held within said period, then the county court was without jurisdiction to issue the writ, its authority being limited by the positive command of the statute.

In the case of *Stebbins v. Anthony*, 5 Colo. 348, and also in *Re Tyson* (decided at this term), it is held that the rule for computing time within which an act is to be done is to include one day and exclude the other; but in neither of those cases was it necessary to determine whether the first day or the last should be excluded. In this case, however, if we include the first day, then there was no term of the district court within thirty days from the date of the application for the writ; but if we exclude the first day, then such term was within the thirty days. So, in this case, we must of necessity determine which day is to be excluded.

In *Hax v. Leis*, 1 Colo. 171, it was held that the day on which the order for an appeal bond is made is to be excluded under a statute requiring the bond to be filed "within the time limited by the court." The Code of Civil Procedure (section 382) provides "that the time within which an act is to be done, as provided by this act, shall be computed by excluding the first day and including the last." Thus we have a judicial decision and an act of legislation in this state tending to favor the exclusion of the first day. From the examination of the question, we find that the rule requiring the first day to be excluded is well sustained by authority, and we see no reason why it should not be applied in this case. *Cornell v. Moulton*, 3 Denio, 12; *Bemis v. Leonard*, 118 Mass. 502; *Roan v. Rohrer*, 72 Ill. 582; *Sheets v. Selden's Lessee*, 2 Wall. 177.

This disposes of the case adverse to the jurisdiction of the county court. The remaining assignments of error need not be considered. The judgment of the county court is reversed, and the cause remanded with directions to dismiss the proceeding for want of jurisdiction.

*Reversed.*