Argued November 24, 1896; decided January 18, 1897.

# GRANT v. PADDOCK.

(47 Pac. 712.)

1. EJECTMENT—PROOF OF OUSTER.—In an action by a tenant against his co-tenant to be admitted into possession, a denial in the answer of plaintiff's title and right of entry is an ouster.

2. RUNNING OF STATUTE OF LIMITATIONS*—CODE, §§ 4 AND 519.—In computing the time limited by section 4 of Hill's Code of Oregon for bringing action to recover possession of real property, the day on which the cause of action accrued should be excluded, since the rule prescribed by section 519 of the Code (i. e., that the time within which an act is to be done shall be computed by excluding the first day and including the last) applies to all computations of time.

3. PRESUMPTION OF SURVIVORSHIP.—A conclusion of law that the share of one of several joint heirs capable of making a will descended on his death to the survivors, is not supported, in the absence of a finding that he died intestate, or that he did not leave a widow, child, or parent surviving.

From Multnomah: HARTWELL HURLEY, Judge.

Action by J. M. Grant against Benjamin O. Paddock in ejectment. From a judgment for plaintiff, defendant appeals.

MODIFIED.

For appellant there was a brief and an oral argument by *Messrs. Stephen R. Harrington* and *W. W. Thayer.*

For respondent there was a brief over the names of *H. J. Bigger* and *Mitchell, Tanner & Mitchell,* with an oral argument by *Mr. Bigger* and *Mr. Albert H. Tanner.*

Opinion by MR. CHIEF JUSTICE MOORE.

*NOTE.—The question whether the day from which time must be computed shall be included in the period of limitation is considered in the following annotated cases: *Seward* v. *Hayden* (Mass.), 15 Am. St. Rep. 183, 5 L. R. A. 844; *Merritt* v. *Mora,* 11 L. R. A. 724 (44 Fed. 369).—REPORTER.

This is an action by J. M. Grant, as tenant in common, to recover of his co-tenant the undivided one-third of the north half of the donation land claim of John A. and Nancy Williams in Multnomah County. The defendant, after denying the material allegations of the complaint, alleges, first, that one S. E. Paddock, under whom he holds possession, is the owner in fee of the whole north half of said claim; and, second, that neither the plaintiff, his ancestor, predecessor, nor grantor, was seized or possessed of the demanded premises within ten years before the commencement of this action, during which time the defendant, and those under whom he claims, have been in the open, notorious, peaceable, and quiet possession thereof, and have held the same adversely as against every one. The reply put in issue the allegations of new matter contained in the answer, and, a jury being waived, a trial was had by the court, which found, in substance, that on December 5, 1860, Nancy Williams died intestate in Multnomah County, leaving as her heirs-at-law the issue of her marriage with the said John A. Williams, her surviving husband, to wit: Sarah J. Grant, Missouri Dodd, Judith A. Bozorth, Josephine Grant, Milton B. Williams, Wiley C. Williams, and Sanford R. Williams, and the following-named grandchildren: John Henry Childs and George Shelly; that Milton B. Williams died in 1861, and Wiley C. Williams in 1863, each being then under age, unmarried, and without issue, and that said John Henry Childs died after April 30, 1884; that at the time of her death the said Nancy Williams was seized in fee of the north half of said donation land claim; that on June 10, 1863, John A. Williams, having a life estate only in said premises, as tenant by the courtesy, executed to one Henry Holtgreve a general warranty deed, purporting and intending thereby to convey in fee the whole of said north half; that on May 1, 1865, Holtgreve and his wife

executed a deed for said premises to one John Switzler, and he to J. C. Files in 1876, who, with his wife, on March 14 of that year, executed to the defendant's lessor a deed purporting to convey the same to him, his heirs and assigns. The court also found that each of said grantees, on obtaining his deed, entered into possession of this land, and continued to occupy, use, and cultivate the same as a farm until he executed a deed thereto and surrendered the possession thereof to his grantee; and that their possession had been open, continuous, adverse, and hostile to all other persons, and under a claim of title to the whole of said real property, and that from March 1, 1876, to the commencement of this action, defendant's father, Sylvester E. Paddock, by himself and his tenants, has continued to occupy and use the said premises, and was then in the possession thereof; that John A. Williams died on the 30th day of April, 1884, between 12 o'clock midnight and 2 o'clock of that morning, and that the summons in this action was not delivered to the sheriff of Multnomah County for service until April 30, 1894, after 8 o'clock A. M.; that Judith A. Bozorth died intestate November 29, 1892, leaving three sons, named J. O., M. B., and Scott Bozorth; that on April 18, 1894, said Sarah J. Grant and Josephine Grant executed to the plaintiff a deed purporting to convey an undivided two-sixths of said premises.

And the court also found, as conclusions of law, that upon the death of Nancy Williams the real property of which she died seized descended to her heirs in equal shares, and that the shares of Milton B. and Wiley C. Williams descended in equal shares to the children of Nancy Williams, and that the share of John Henry Childs therein descended, upon his death subsequent to the death of John A. Williams, to the other remaining heirs of Nancy Williams; that the statute of limitations did not begin

to run against the heirs of Nancy Williams, as to the
north half of said claim, until the death of John A.
Williams; that the plaintiff's right of action was not
barred; that plaintiff was the owner in fee and entitled
to the possession of the undivided one-third of the north
half of said claim, and that the defendant wrongfully with-
holds the possession thereof to the plaintiff's damage in
the sum of $1; and upon these findings gave judgment for
the plaintiff, from which the defendant appeals.

1.    It is contended by counsel for the defendant that, an
issue having been joined upon the allegation that plaintiff
was the owner in fee of an estate in the demanded premises
as tenant in common with the defendant, upon which
the court failed to find an ouster of the plaintiff or a
refusal of the defendant to admit him into possession, it
follows that there is no foundation to support the judg-
ment, for which reason it should be reversed. While proof
of a denial of the plaintiff's right of possession, or some
act equivalent thereto, is essential to the maintenance
of an action of ejectment by a tenant in common of real
property against a co-tenant (Hill's Code, § 327), yet the
condition of the pleadings may be such as to concede
this fact, and thus dispense with such proof: Freeman
on Cotenancy and Partition (2d Ed.), § 292. In *Miller
v. Myles*, 46 Cal. 535, the court, in discussing this prop-
osition, say: "It is well settled that a refusal, after a proper
demand, by a tenant in common in possession to admit
his co-tenant into the possession, is itself an ouster, and
dispenses with the necessity of further proof on that point.
It is equally clear that in an action by a tenant in common
against his co-tenant to be admitted into the possession,
a denial in the answer of the plaintiff's title and right of
entry is equivalent to an ouster." The answer herein
having alleged adverse possession for more than ten years
as a defense to the action, was clearly a denial of the

plaintiff's right, and, having found an adverse holding for less than ten years upon the issue joined upon said allegation, necessarily found an ouster of plaintiff: *Harrison* v. *Taylor*, 33 Mo. 211 (82 Am. Dec. 159); *Noble* v. *McFarland*, 51 Ill. 226; *Clason* v. *Rankin*, 1 Duer, 337; *Petersen* v. *Laik*, 24 Mo. 541 (69 Am. Dec. 441); *Spect* v. *Gregg*, 51 Cal. 198.

2. The court having found that John A. Williams died April 30, 1884, between the hours of 12 and 2 o'clock in the morning, and that this action was not commenced until after 8 o'clock in the morning of the 30th of April, 1894, counsel for the defendant contend that their client and those under whom he claims have been in the adverse possession of the premises more than ten years, and, as the statute declares that no action shall be maintained for the recovery of real property or for the possession thereof unless it appears that the plaintiff, his ancestor, predecessor, or grantor was seized or possessed of the premises in question within ten years before the commencement is such action (Hill's Code, § 4), the conclusion of law that the plaintiff's right of action is not barred by the statute of limitation is not deducible from, but is contradicted by, the findings of fact; that the prohibitory statute above cited cannot be modified by the general rule adopted by the courts to the effect that the time within which an act is to be done shall be computed by excluding the first day and including the last; and that the provisions contained in section 519, Hill's Code, applies only to cases in which the time is expressed in days.   In support of the proposition that a statute prescribing the mode for computing time does not apply to divisions thereof expressed by years, counsel for appellant cite and rely upon the doctrine announced in the cases of *Williams* v. *Lane*, 87 Wis. 152; and *Aultman* v. *Syme*, 91 Hun. 632 36 N. Y. Sup. 528.   The first case

was an action to foreclose a mechanics' lien, instituted under a statute which required it to be brought within one year from a given date, but the day on which the year terminated having fallen on Sunday, the action was not commenced until the next day, and it was held that the cause of action was barred. "The case," said PINNEY, J., "is not within the statute (S. & B. Ann. Stats., § 4971), which applies only to cases when the time in the statute 'is expressed in days,' and is not controlled by *Buckstaff* v. *Hanville*, 14 Wis. 77." Subdivision 24 of the section of the statute cited in that case declares: "The time within which an act is to be done as provided by any statute, when expressed in days, shall be computed by excluding the first day and including the last, except that if the last day be Sunday, it shall be excluded." It will thus be seen that if the statute had not limited the method of computing time to cases in which is was expressed in days, the rule would have applied as well to cases in which the time was expressed in years. In the second case, the court reach a similar conclusion, and say: "It seems to us, upon an examination of the statutes in respect to the computation of time, that a different rule prevails in computing any specified number of days, weeks, or months from a specified event, from that which obtains in the computation of any specified number of years from a specified event. By the provisions of the statutes, the day from which any specified number of days, weeks, or months of time is reckoned, shall be excluded in making the reckoning: Laws 1894, c. 447, § 27. But the section relating to computation of time by the year contains no such provision: Laws 1892, c. 677, § 25." Section 27 of the act of 1894, supra, declares: "In computing any specified number of days, weeks, or months from a specified event, the day upon which the event happens is deemed the day from which the reckoning is made. The day from

which any specified number of days, weeks, or months of time is reckoned shall be excluded in making the reckoning." It will be observed from an inspection of this statute that the method of computing time by excluding the day upon which a certain event happened is limited to divisions thereof to be measured by days, weeks, or months, and under the maxim of expressio unius est exclusio alterior, the rule could not be applied to computing time expressed in years.

In *Spencer* v. *Haug*, 45 Minn. 731 (47 N. W. 794), the Supreme Court of Minnesota, in construing a statute which provided that "the time within which an act is to be done shall be computed by excluding the first day and including the last. If the last day is Sunday, it shall be excluded," held that this section applied as well to the construction of a statute as to matters of practice, and that ten years from May 19, 1862, extended to and included May 20, 1872, the preceding day having been Sunday. So, too, in *Cowan* v. *Donaldson*, 95 Tenn. 327 (32 S. W. 457), the Supreme Court of Tennessee, in a suit to revive a decree, say: "Decree having been rendered November 20, 1883, a suit upon it is in time if brought November 20, 1893, under section 46, Mill. & V. Code, which provides that the time within which any act is to be done shall be computed by excluding the first and including the last day." We conclude, therefore, that where the statute prescribing the method of computing time does not limit its application to any specified period, it applies to all divisions of time. Whether the day of the happening of a certain event should be included as a basis from which to compute time has been a vexed question for many centuries, and in consequence of a spirited controversy as to whether it should be included or excluded, and to remove any doubt upon the subject, Gregory IX, in his decretals, introduced the phrase "a year and a day,"

thus including the first and last day of the term: *Griffith*
v. *Bogert,* 59 U. S. (18 How.) 158. In the absence of any
statute regulating the matter, the rule seems to be that
the day upon which the particular event happened should
be excluded from the computation of time, when by doing
so courts are enabled to construe the provisions of a
statute or the stipulations of a contract in such a manner
as to prevent penalties and forfeitures, and to uphold
bona fide transactions: *Seward* v. *Hayden,* 150 Mass. 158
(15 Am. St. Rep. 183, 5 L. R. A. 844, 22 N. E. 629);
*Merritt* v. *Mora,* 44 Fed. 369 (11 L. R. A. 724); *Smith* v.
*Dickey,* 74 Tex. 61 (11 S. W. 1049); Endlich's Interpreta-
tions of the Statutes, § 390. "In the computation of
time," says O'NEAL, J., in *State* v. *Schnierle,* 5 Rich. Law,
299, "the day from which the reckoning commences and
that on which it terminates may both be included or ex-
cluded as will best preserve a right or prevent a for-
feiture." But rules adopted by the courts for the compu-
tation of time can have no application to the method pre-
scribed by statute, except to apply the reasons upon
which such rules are predicated to the construction of
statutes in doubtful cases. One June 1, 1863, the Code
of Civil Procedure, including sections 4 and 519, Hill's
Code, went into effect; and, as these sections formed
part of one general act, they ought to be so construed as
to harmonize their apparent discrepancies, and to give
effect, as far as possible, to the provisions of each: End-
lich's Interpretations of the Statutes, § 43; *Holgate* v.
*Oregon Pacific R. R. Co.,* 16 Or. 123 (17 Pac. 859); *Smith*
v. *Kelly,* 24 Or. 464 (33 Pac. 642). Construing these sec-
tions in pari materia, and in such manner as to avoid a
forfeiture of the estate involved, it is evident that section
4, Hill's Code, supra, should be so construed as to exclude
the day on which the plaintiff's grantors, by the death of
their father, became entitled to the possession of the prem-

ises, and that, excluding such day, it appears that this action was commenced within ten years from the time the plaintiff's grantors were seized in law of an estate in the north half of the John A. Williams donation land claim.

3. The court having found that Nancy Williams, upon her death intestate, left surviving her four daughters, three sons, and two grandsons, the latter being the issue of two of her married daughters then deceased, and that Milton B. Williams and Wiley C. Williams, two of these sons, having thereafter died under age without having been married, also found as a conclusion of law that upon the death of these sons the share of each in the real propesty inherited from his mother descended in equal shares to the children of Nancy Williams. This conclusion of law would seem to limit an inheritance to the brother and sisters, to the exclusion of the grandchildren, John Henry Childs and George Shelly, who, under subdivision 6 of section 3098, Hill's Code (see Statutes of Oregon 1855, p. 380), inherited by right of representation an equal share with the children of Nancy Williams, but in the judgment rendered the court seems to have rectified the error in the conclusions of law, by treating these grandsons as heirs-at-law of Milton B. and Wiley C. Williams. The court also found that John Henry Childs, one of said grandsons, died after April 30, 1884, and as a conclusion of law therefrom found that upon his death his interest in said land claim descended to the remaining heirs of Nancy Williams, and, predicated upon this conclusion, awarded plaintiff the undivided two-sixths of the real property in question. The court found that the mother of John Henry Childs died in 1852, hence he was above the age of twenty-one years, and was therefore capable of executing a will; but the court does not find that he died intestate, or that he did not leave surviving him a widow, child, or father, and, this

being so, the findings of fact do not support the con-
clusions of law that the share of this person descended to
the remaining heirs of Nancy Williams, and for this reason
the judgment must be modified.    The cause will, there-
fore, be remanded with directions to amend the con-
clusions of law to the effect that the five surviving children
and the two grandsons of Nancy Williams each inherited
an undivided one-seventh of the real property of which
the intestate died seized, and to give judgment that the
plaintiff is the owner in fee and entitled to the possession
of the undivided two-sevenths of the north half of the
donation land claim of John A. and Nancy Williams, in
Multnomah County, for $1 damages, and the costs and
disbursements of this action in the court below, the
defendant to recover his costs in this court.

MODIFIED.