[No. 3998. Decided January 4, 1902.]

J. A. PERKINS, *Appellant,* v. JAMES JENNINGS *et al., Respondents.*

LIMITATION OF ACTIONS — WHEN BEGINS TO RUN — COMPUTATION OF TIME.

Where the limitation upon the commencement of action on a promissory note has been extended by reason of a partial payment thereon, the statute begins to run from the day following the date of such partial payment, under Bal. Code, § 4896, which provides that "the time within which an act is to be done shall be computed by excluding the first day and including the last."

SAME.

The statutes of limitation requiring action to be brought within a stated period from the time the cause of action accrued must be construed in connection with Bal. Code, § 4817, which provides that "when any payment of principal or interest has been or shall be made upon any existing contract, whether it be a bill of exchange, promissory note, bond, or other evidence of indebted-

10—27 WASH.

ness, if such payment be made after the same shall have become due, the limitation shall commence from the time the last payment was made."

SAME — PARTIAL PAYMENT BY ONE JOINT DEBTOR — SUSPENSION OF BAR AS TO OTHER.

When part payment upon a promissory note was made by one of two co-obligors, thereby extending the period of limitation as to him, the complaint in an action against both, brought more than six years after the maturity of the note, is demurrable as to. the obligor who did not join in the payment, when the complaint does not allege that such obligor authorized the payment and participated therein as his own act.

Appeal from Superior Court, Whitman County.—Hon. WILLIAM McDONALD, Judge. Reversed.

*Hanna & Hanna,* for appellant.

*William J. Bryant,* for respondents.

The opinion of the court was delivered by

HADLEY, J.—This is a suit upon a promissory note dated November 3, 1890, and maturing one year after date. Several partial payments were made upon the note; the last one having been made upon December 22, 1893. This suit was commenced on the 22d day of December, 1899. The defendants James Jennings and Joe Schnurr demanded a bill of particulars stating by whom the several payments were made. The demand was granted as to all payments made after maturity of the note. A bill of particulars was filed, and, among other things, it was alleged therein that the payment made December 22, 1893, "was made by defendant James Jennings, and credited on said note with his full knowledge and consent, and, plaintiff believes, and therefore alleges, with the knowledge and acquiescence of said defendant Joe Schnurr." Thereafter separate demurrers were interposed, by defendants

Jennings and Schnurr; each demurring generally to the complaint, and also on the ground that the action is barred by the statute of limitations. Both demurrers were sustained by the court on the ground that the action was not begun within the time limited by law. The plaintiff refused to plead further, and thereafter judgment was entered dismissing the action, with costs taxed against the plaintiff. From said judgment the plaintiff appeals.

The first question involved herein is whether this suit was commenced within the time limited by law as to either of the respondents. The real question is whether the day of the payment shall be included in the computation of the six years' time to elapse before the action is barred. If so, then the action is clearly barred; but, if that day must be excluded, the action was brought within six years. Respondents' argument is that, inasmuch as the note was due and the statute of limitations was running at the time the payment was made, a right of immediate action existed, notwithstanding the payment. It is urged that, since suit might have been brought on the day of the payment, the computation of the statutory period of limitation should include that day, and that the rule applicable here is not analogous to that which governs the computation of time from the maturity of a note. A right of action does not accrue on the day a note matures, but on the following day, for the reason that the maker is entitled to the whole of the day of maturity within which to pay, and the statute does not, therefore, begin to run until the day after maturity. As a case directly in point with the contention of respondents' counsel, he cites *Presbrey v. Williams,* 15 Mass. 193. The action was one of assumpsit upon a promissory note payable on demand. The note was dated February 16, 1810, and on November

1, 1811, a payment was made thereon. The action was commenced November 1, 1817. The limitation period was six years. It was held that by the statute of limitations the plaintiff should have six years, and no more, within which to bring his action, and as the action might have been brought on November 1, 1811, notwithstanding the payment on that day, therefore more than six full years had elapsed, since, if suit could be brought upon the 1st day of November, 1817, there were seven first days of November upon which the action could have been brought. The rule adopted in the above case seems to squarely sustain respondents' position in this case. The supreme court of Massachusetts has, however, since had occasion to refer to that case in subsequent decisions. The reasoning of the case has not only been criticised, but the court has refused to follow it in the later decisions. In *Bemis v. Leonard,* 118 Mass. 502 (19 Am. Rep. 470), the following comment is made:

"It was indeed decided in *Presbrey v. Williams,* 15 Mass. 193, and assumed, though not necessary to the decision, in *Little v. Blunt,* 9 Pick. 488, 491, that, in computing the period of limitation of actions, the day on which the cause of action accrued should be included, because the action might have been brought on that day. But the decision was rested on the authority of *Norris v. Gawtry,* Hob. 139; S. C. Mo. 878; 1 Brownl. 156; and can hardly stand with the later adjudications."

Again in *Seward v. Hayden,* 150 Mass. 158 (22 N. E. 629, 5 L. R. A. 844, 15 Am. St. Rep. 183), it is said:

"*Presbrey v. Williams,* 15 Mass. 193, laid down the doctrine, that, in an action upon a promissory note payable immediately, the day of the date is to be included in computing time under the statute of limitations, and this case has often been referred to by judges and writers of text-books as stating the law of Massachusetts, and as having

been followed in some other states. But the authorities on which it rested have since been overruled in England, and in this Commonwealth under other statutes several decisions have been made which are in conflict with it."

The last named case was an action upon a promissory note payable upon demand, and it was held, contrary to the rule of *Presbrey v. Williams,* that, although suit might be brought upon a demand note on the day of its date, yet that day should not be included in computing the period of limitation. The court further said:

"This case presents for consideration the single question whether, in an action upon a promissory note payable on demand, the day of the date is to be excluded or included in reckoning the six years named in the statute of limitations. By the first of these modes of reckoning a payee would ordinarily have a few hours more, and by the second a few hours less, than six years within which to bring his suit. But in computing time under statutes and contracts the law disregards fractions of a day, unless on account of the subject matter, or for other important reasons, justice requires that they should be regarded. This rule is universally held applicable to computations under the statute of limitations. In reckoning from a day or a date, the rule generally adopted excludes the day from which the reckoning runs. Many early cases stated a distinction between computations from a day or a date, and computations from an act done or from an event. But this distinction does not rest upon a sound principle, and in most jurisdictions it is no longer recognized. The tendency of recent decisions is very strongly towards the adoption of a general rule which excludes the day as the *terminus a quo* in such cases. But this rule is not inflexible; and in the interpretation of a statute or contract it yields to a manifest purpose or intention in conflict with it. In ordinary cases there is no reason why it should not be held applicable to the statute of limitations, as well as to other statutes; . . ."

In harmony with the above rule see, also, the following cases: *Bemis v. Leonard, supra; Evans v. Bowers,* 13 Colo. 511 (22 Pac. 812); *Teucher v. Hiatt,* 23 Iowa, 527 (92 Am. Dec. 440); *Arnold v. Nye,* 23 Mich. 287; *Smith v. Dickey,* 74 Tex. 61 (11 S. W. 1049); *Weeks v. Hull,* 50 Am. Dec. (Conn.) 249; *McCulloch v. Hopper,* 47 N. J. Law, 189 (54 Am. Rep. 146).

The last named case was an action for money had and received. The right of action of course existed the day the money was received. The court said:

"The exact six years, of course, ended at the moment on June 6, 1884, corresponding to the moment on June 6, 1878, when the cause of action accrued; but the inconvenience of the thing precludes inquiry as to when that moment was. The law concedes or withholds the entire day and *de minimus non curat.*"

In *Lester v. Garland,* 15 Vesey, 248, it is said:

"Our law rejects fractions of a day.   .   .   .   The effect is to render the day a sort of indivisible point, so that any act, done in the compass of it, is no more referable to any one, than to any other portion of it; but the act and the day are co-extensive; and therefore the act cannot properly be said to be passed, until the day is passed."

The reason for excluding the first day is found in the rule that the law takes no notice of fractions of a day, except in certain instances when the hour becomes material. Time is not, therefore, computed from the hour of the day upon which an event happens to a corresponding hour of a subsequent day, but the computation is from the *day* when the act is done,—the day being regarded as a point of time —and the computation begins from the expiration of such day. If the day of the event should be counted as one day, the person to be affected would only have the benefit of a fractional part thereof, and thus the period of limitation

fixed by the statute would be shortened. Most of the states have by statute adopted a rule for the computation of time. The statute of our state is found in Bal. Code, § 4896, and is as follows:

"The time within which an act is to be done shall be computed by excluding the first day and including the last. If the last day falls on a Sunday it shall be excluded."

It is ordinarily held that such statutes fix a general rule for the computation of time, which rule should be followed in order that confusion may be avoided, and that harmony may prevail. *McGinn v. State,* 46 Neb. 427 (65 N. W. 46, 30 L. R. A. 450, 50 Am. St. Rep. 617); *St. Louis v. Bambrick,* 41 Mo. App. 648; *Grant v. Paddock,* 30 Ore. 312 (47 Pac. 712); *Spencer v. Haug,* 45 Minn. 231 (47 N. W. 794); *Wright v. Manns,* 111 Ind. 422 (12 N. E. 160); *People v. New York Central R. R. Co.,* 28 Barb. 284.

We think the rule above announced, and which is sustained by the foregoing cases should be held to be the meaning of our statute.

It is insisted by respondents that under §§ 4796 and 4798, Bal. Code, this action must be brought within six years from the time the cause of action accrued, and that, since the statute of limitations was running at the time the payment was made upon this note, the cause of action having theretofore accrued, it would amount to a suspension of the running of the statute for one day if the day of the payment should be excluded in the computation. The argument seems plausible and forcible, but we find it necessary to construe the above sections in connection with § 4817, Bal. Code, which is as follows:

"When any payment of principal or interest has been or shall be made upon any existing contract, whether it

be a bill of exchange, promissory note, bond, or other evidence of indebtedness, if such payment be made after the same shall have become due, the limitation shall commence from the time the last payment was made."

It will be observed that the above section fixes a new period for the running of the statute when a partial payment is made, and that period shall *"commence* from the time the last payment was made." Thus the event from which the statute *"commences"* to run happens upon a certain date, and since we have seen that a fractional part of that day cannot be counted, the whole day must be excluded. It must therefore be held that this action was brought within the time limited by law as to the respondent Jennings, who made the last payment upon the note.

In behalf of respondent Schnurr it is urged that the action is barred because more than six years have elapsed since the maturity of the note, and that no allegation of the complaint shows that any payment was made by him after the note matured. As before stated, the original complaint made no allegation which showed by whom the payments were made; but the paper denominated a "bill of particulars," filed in response to the demand of respondents, does allege that the payment was made by Jennings, and, further, that "plaintiff believes and, therefore, alleges, with the knowledge and acquiescence of said defendant Joe Schnurr." The above quoted words are all the allegations that in any way tend to connect respondent Schnurr with the payment. We do not think the averment shows any act on the part of Schnurr by way of participation in the payment. It is alleged that plaintiff believes the payment was made with the knowledge and acquiescence of Schnurr. To say that it was with his knowledge and acquiescence is not to say that he participated therein.

Schnurr might have known that Jennings made a payment on his own behalf, and he might have acquiesced in his so doing, to the extent of not remonstrating with Jennings for making a payment which he had a right to make as his own. But Schnurr cannot be bound by a payment he did not make, or which he did not authorize to be made as his own. In the absence of an averment that Schnurr did authorize the payment, and that he participated therein as his own act, the complaint must be held insufficient as to him.

In *Stubblefield v. McAuliff,* 20 Wash. 442 (55 Pac. 637), this court adopted the rule that one of two co-obligors cannot make a promise that will revive or continue an obligation as against the other, without express authority so to do. This rule was also followed in *Bassett v. Thrall,* 21 Wash. 231 (57 Pac. 806). The case of *Stubblefield v. McAuliff, supra,* was cited approvingly in recent decisions from this court not published, and the doctrine above stated must now be considered as the settled rule of this court.

We think the demurrer should have been sustained as to respondent Schnurr, and overruled as to respondent Jennings. The judgment is affirmed as to respondent Schnurr, and reversed as to respondent Jennings, and the cause is remanded, with instructions to the lower court to proceed in accordance with this opinion. One-half of the costs on appeal shall be taxed against appellant and in favor of respondent Schnurr, and one-half shall be taxed against respondent Jennings and in favor of appellant.

REAVIS, C. J., and MOUNT, ANDERS, WHITE, FULLERTON and DUNBAR, JJ., concur.